Eugene W. KURKOWSKI, Appellant,

v.

FEDERAL LAND BANK OF OMAHA,
a corporation, Donald G. Roehrr and
Jerri L. Cole, Appellees.

No. 84–2071.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1984.

Decided Dec. 26, 1984.

Eugene W. Kurkowski, Grant, Neb., pro se.

Frank J. Hutfless, Lincoln, Neb., for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Eugene W. Kurkowski appeals from the district court's [1] dismissal of his complaint for failure to state a claim. For reversal, Kurkowski alleges that his complaint stated violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (1982) (the Act), by the Federal Land Bank of Omaha (the Bank) and several of its employees.[2] For the reasons outlined below, we affirm.

I.

On February 12, 1981 and April 16, 1982 Kurkowski borrowed $209,000 and $325,000, respectively, from the Bank for the purpose of financing his farming operation. The loans were secured by two real estate mortgages. The second loan was used to pay off the first loan. At the time Kurkowski filed his complaint, he was not delinquent in his payments on either loan, and the Bank had taken no action against him.

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

2. Many similar actions have recently been appealed to this court. *See, e.g., K/O Ranch v. Norwest,* 748 F.2d 1246 (1984). We find the reasoning of this case is applicable and controlling here.

On March 16, 1984, Kurkowski filed a complaint in the district court alleging, *inter alia,* that the Bank failed to comply with the general disclosure requirements of the Truth in Lending Act, 15 U.S.C. §§ 1601–06, 1631–32, and the right of rescission disclosure requirements of the Act, 15 U.S.C. § 1635. Kurkowski sought damages, costs, and attorneys' fees, and, in addition, sought to compel rescission of the loans. On defendant's motion, the district court dismissed the action for failure to state a claim.

## II.

After carefully reviewing the record, we agree that the district court properly dismissed the complaint. As to both of the loans, this action on the claims brought under the general disclosure requirements of the Act is time barred by section 1640(e) (one-year period of limitation).

Both of the loans are also exempt from coverage under section 1603 of the Act.[3] Kurkowski admits in his complaint that he was, at all times pertinent, "engaged in the business of agricultural production." He further alleges that the Bank's actions interfered with the operation of his business. Because it is clear from the complaint that the loans were obtained to finance Kurkowski's farming operation, both of the loans are additionally exempt from the coverage of the Act under the agricultural purposes exemption.

In addition, neither loan is covered by the Act's right of rescission provision. The agricultural purposes exemption applies to the entire subchapter, which includes section 1635. *See Sherrill v. Verde Capital Corp.,* 719 F.2d 364, 367 (11th Cir. 1983).

Kurkowski's complaint also sets forth a variety of additional claims listing numerous federal statutes, state and federal constitutional provisions, and assorted equitable principles as bases for jurisdiction. We have carefully reviewed the complaint and agree with the district court that the additional claims are without merit. Accordingly, the judgment of the district court is affirmed.

---

**3.** Prior to October 1, 1982, section 1603(5) exempted from coverage loans obtained primarily for agricultural purposes in which the total amount financed exceeded $25,000. Both of the loans were consummated before October 1, 1982 and exceeded $25,000.