819 F.2d 201
 7 Fed.R.Serv.3d 1297
 Eugene KURKOWSKI; George Dorn; Richard Beermann; Walter
M. Beermann, d/b/a Beermann Bros.; John J. Smith;
Kenneth R. Wilson, Appellants,
v.
Paul VOLCKER, Chairman of the Federal Reserve Board; John
Harling, President of the Farm Credit Banks of Omaha;
Federal Land Bank of Wichita; Federal Land Bank of Omaha;
Federal Land Bank Assoc. of North Platte; Federal
Intermediate Credit Bank of Omaha, Appellees.
 No. 86-1663.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 10, 1987.
Decided May 26, 1987.
 
 Roger C. Elletson, Cheyenne, Wyo., for appellants.
 Edward F. Pohren, Omaha, Neb., for appellees.
 Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and HANSON,* Senior District Judge.
 LAY, Chief Judge.
 
 
 1
 The plaintiffs in this putative class action[1] are all farmers who have been affected by the depressed farm economy. The defendants are various entities in the farm credit system, some of which instituted foreclosure actions against some of the plaintiffs. The listed bases of the plaintiffs' 32-page pro se complaint included violations of the Truth-in-Lending Act, the Securities Act of 1933, the Farm Credit Act, and usury laws, as well as breach of contract, fraud, and conspiracy.[2] The complaint was filed on October 16, 1985.
 
 
 2
 Some of the defendants filed separate motions to dismiss, and they asked the district court to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure.[3] In support of these motions, the defendants argued that many of the same plaintiffs had previously filed identical actions against some of the same defendants, actions that had been dismissed for failure to state a claim upon which relief could be granted.
 
 
 3
 The plaintiffs proceeded without counsel until after their complaint and the defense motions had been filed. They then retained attorney Roger C. Elletson, their present counsel. Through Elletson, the plaintiffs on March 3, 1986, filed a notice of voluntary dismissal[4] under Fed.R.Civ.P. 41(a). On March 4, 1986, the district court[5] dismissed the case without prejudice, pursuant to the plaintiffs' request. Some of the defendants then moved the court to retain jurisdiction over the case and impose sanctions against the plaintiffs. On March 14, 1986, the court modified its dismissal order so it could decide the sanctions issue.
 
 
 4
 On March 31, 1986, a hearing was held regarding sanctions. The defendants presented evidence of similar complaints,[6] both past and current, brought by the plaintiffs against the same defendants. See Dorn v. State Bank of Stella, 767 F.2d 442 (8th Cir.1985); Kurkowski v. Federal Land Bank of Omaha, 750 F.2d 723 (8th Cir.1984). The plaintiffs did not attend the hearing and presented no evidence, but they were represented by their attorney, who argued against the defendants' motions.
 
 
 5
 The district court later issued a written order granting sanctions. The court ordered the plaintiffs to pay the attorney's fees of defendant Federal Land Bank of Wichita ($1577) and defendants John Harling, Federal Land Bank of Omaha, Federal Land Bank Association of North Platte, and Federal Intermediate Credit Bank of Omaha (totaling $3823.50). The appeal of that order is presently before us.
 
 
 6
 On appeal, the plaintiffs challenge the district court's authority to impose sanctions after the case had been voluntarily dismissed. The plaintiffs argue that the court's jurisdiction ended under Fed.R.Civ.P. 41(a) when that section's automatic dismissal provisions were invoked. Additionally, the plaintiffs contend that even if the court had jurisdictional power to impose sanctions, it erred in doing so because their claim complied with Rule 11.
 
 1. Jurisdiction
 
 7
 The district court in its postdismissal seven-page order imposing sanctions made no mention of its authority to do so. The jurisdictional issue, however, comprises the bulk of the arguments made on appeal.
 
 
 8
 The defendants advance two possible bases of the district court's jurisdiction. First, they point out that they filed motions to dismiss before the plaintiffs voluntarily dismissed their action. Under Fed.R.Civ.P. 12(b), a defendant's motion to dismiss is transformed into a motion for summary judgment when matters outside the pleadings are also submitted to the court. When a motion for summary judgment is outstanding, dismissal must be pursuant to Rule 41(a)(2), thus the automatic dismissal provisions of Rule 41(a)(1)(i) would not apply. The second potential basis for the district court's jurisdiction is its inherent authority over the cases and parties before it. See Obin v. District No. 9, 651 F.2d 574, 582-84 (8th Cir.1981) (motion for attorney fees is collateral and independent claim; district court retains jurisdiction notwithstanding judgment on the merits).
 
 
 9
 We find that under either rationale, the district court possessed authority for the issuance of the postdismissal order.[7] In addition, we note that the defendants moved the court to impose sanctions on March 12, within 10 days of the original judgment. Specifically, the defendants asked the court to alter or to amend its judgment under Fed.R.Civ.P. 59(e). Clearly the district court had jurisdiction to amend the judgment to impose Rule 11 sanctions against the plaintiffs.
 
 2. Sanctions
 
 10
 Rule 11 allows the district court to impose sanctions whenever a plaintiff has filed a frivolous lawsuit. In this case, the district court carefully listed its findings of fact, based on the evidence produced at the March 31, 1986, hearing. The court then concluded that the plaintiffs' case was frivolous under the definition in Rule 11. The court thereafter imposed sanctions.[8]
 
 
 11
 The plaintiffs produced no evidence at the hearing from which the court could have made different factual findings. Unsupported assertions of counsel on appeal cannot be used to controvert the court's crucial findings that: (1) the 1985 complaint was substantially identical to claims made and rejected (by the trial courts and this court) earlier; (2) verbatim complaints had been filed in several other courts; and (3) there was absolutely no relationship between the plaintiffs and the Federal Land Bank of Wichita, a named defendant.
 
 
 12
 Based on these uncontroverted facts, it is clear that the plaintiffs filed a frivolous lawsuit. They cannot now argue that their subjective "good faith" (i.e. ignorance of the law or legal procedures) somehow excuses their actions. See O'Connell v. Champion Int'l Corp., 812 F.2d 393, 395 (8th Cir.1987) (objective standard applies under Rule 11). We recognize that pro se complaints are read liberally, but they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories. The district court correctly concluded that the plaintiffs' case was frivolous under Rule 11.
 
 
 13
 Given the soundness of the district court's factual findings and legal conclusions, the court did not abuse its discretion in levying sanctions in this case.[9] Rule 11 was adopted to spare innocent parties and overburdened courts from the filing of frivolous lawsuits. Another purpose is to deter plaintiffs from bringing actions that lack in factual or legal support. We find that the district court's order that the plaintiffs reimburse the defendants some $5400 for their attorney fees served all of these purposes.
 
 
 14
 For the foregoing reasons, the district court's order is affirmed.
 
 
 
 *
 The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Southern District of Iowa, sitting by designation
 
 
 [1]
 The class was not certified before the action was dismissed
 
 
 [2]
 At oral argument, appellate counsel for the plaintiffs made reference to an international banking conspiracy against farmers, with its roots in the federal reserve system and the Trilateral Commission
 
 
 [3]
 Fed.R.Civ.P. 11 provides:
 The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
 * * *
 If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 [4]
 The plaintiffs maintain that dismissal was sought in order to "regroup," not because attorney Elletson or the plaintiffs believed the entire cause of action was frivolous. In fact, the plaintiffs continue to argue that they can someday prevail on the merits of their claims
 
 
 [5]
 The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, presiding
 
 
 [6]
 Some of the other complaints were verbatim, including the same typographical and grammatical errors
 
 
 [7]
 Compare Foss v. Federal Intermediate Credit Bank, 808 F.2d 657 (8th Cir.1986) (sanctions applied by district court after dismissal under Fed.R.Civ.P. 41(a)(1)(i), but before answer was filed, are invalid). The present case is clearly distinguishable because the defendants here filed motions to dismiss along with a prayer for sanctions before the voluntary dismissal was filed
 
 
 [8]
 We apply a varied standard of review in this situation. As the Ninth Circuit stated in Zaldivar v. City of Los Angeles, 780 F.2d 823, 828 (9th Cir.1986):
 Appellate review of orders imposing sanctions under Rule 11 may require a number of separate inquiries. If the facts relied upon by the district court to establish a violation of the Rule are disputed on appeal, we review the factual determinations of the district court under a clearly erroneous standard. If the legal conclusion of the district court that the facts constitute a violation of the Rule is disputed, we review that legal conclusion de novo. Finally, if the appropriateness of the sanction imposed is challenged, we review the sanction under an abuse of discretion standard.
 
 
 [9]
 Cf. O'Connell, 812 F.2d at 395 (denying Rule 11 sanctions): "[The] determination that the plaintiffs' conduct was justified rests upon and is informed by the District Court's intimate familiarity with the case, parties, and counsel, a familiarity we cannot have. Such a determination deserves substantial deference from a reviewing court."