EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellee,

v.

MILAVETZ AND ASSOCIATES, P.A., Appellant.

No. 88–5091.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1988.

Decided Dec. 23, 1988.

Rehearing and Rehearing En Banc Denied Feb. 16, 1989.

Robert J. Milavetz, Crystal, Minn., for appellant.

Lloyd Zimmerman, Minneapolis, Minn., for appellee.

Before HEANEY and FAGG, Circuit Judges, and REASONER,\* District Judge.

FAGG, Circuit Judge.

Milavetz and Associates, P.A. (Milavetz) appeals the award of attorney fees made against it based on 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11. We affirm.

The Equal Employment Opportunity Commission (the EEOC) brought an action against Blue and White Service Corporation (Blue & White) for illegally refusing to hire an applicant in retaliation for the applicant's earlier filing of an employment discrimination charge. *See* 42 U.S.C. § 2000e–3(a). Milavetz is the law firm that represented Blue & White in that litigation. After protracted discovery in the case, the EEOC moved for partial summary judgment on the issue of liability and for attorney fees.

In its ruling on the motion for attorney fees, the district court noted "[a] pattern of uncooperativeness and delay had begun before litigation even commenced," *EEOC v. Blue & White Serv. Corp.,* slip op. at 6 (D.Minn. May 14, 1987) (unpublished memorandum and order) [available on WEST-LAW, 1987 WL 17034], and that even after depositions of Blue & White officers revealed clear liability, "[d]efendant and defense counsel continued [the] litigation, engendering vexatious and unreasonable delay," *id.* at 9. The court also found "the conduct of defense counsel in the course of this litigation ha[d] been unreasonable and outrageous." *Id.* at 10. Based on these and other factual findings, the district court determined "an award of fees \* \* \* [was] appropriate under [r]ule 11 \* \* \* [and] under 28 U.S.C. § 1927." *Id.* at 10. The court ordered fees of $5,500 to be paid by Blue & White and Milavetz jointly.

Both Blue & White and Milavetz originally appealed to this court, but Blue & White has since dismissed its appeal. In the appeal that remains, Milavetz raises issues related only to the rule 11 basis of the district court's award of attorney fees. Milavetz contends: (1) the district court failed to make adequate findings of fact and conclusions of law; (2) the district court incorrectly concluded Milavetz' conduct amounted to a violation of rule 11; and (3) the sanction imposed was inappropriate. We reject each of these contentions.

Our review of the district court's rule 11 award consists of three prongs. First, factual findings that form the basis of the asserted violation are reviewed under the clearly erroneous standard. *Kurkowski v. Volcker,* 819 F.2d 201, 203 n. 8 (8th Cir.1987). Second, the determination that a violation of the rule is shown by those findings is a legal conclusion we review de novo. *Id.* Finally, the appropriateness of the sanctions is reviewed for abuse of discretion. *Id.*

Turning to Milavetz' arguments on appeal, a district court need not make detailed factual findings and legal conclusions on every item of evidence presented to it. *White Indus., Inc. v. Cessna Aircraft Co.,* 845 F.2d 1497, 1499 (8th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 146, 102 L.Ed.2d 118 (1988). We have reviewed the district court's ruling relating to the sanctions, and we conclude it is completely

---

\* The HONORABLE STEPHEN M. REASONER, United States District Judge for the Eastern District of Arkansas, sitting by designation.

adequate to give us "a clear understanding of the grounds of [the district court's] decision." *Id.*

In addition, the district court correctly identified and applied the standard of objective reasonableness that is used to test conduct against the requirements of rule 11. *See Hartman v. Hallmark Cards, Inc.,* 833 F.2d 117, 124 (8th Cir. 1987); *Kurkowski,* 819 F.2d at 204; *O'Connell v. Champion Int'l Corp.,* 812 F.2d 393, 395 (8th Cir.1987). We find no error in the court's legal conclusion in light of this standard that the facts here show a rule 11 violation.

Finally, we find no abuse of discretion in the district court's award of attorney fees for the time period outlined in the court's order as an appropriate sanction in the circumstances of this case. Finding no reversible error, we affirm the district court's decision.