Doris J. NICHOLS, Santi A. Rigatuso, Lance G. Leon, Gary L. Peterson, Michael Yarbrough, Plaintiffs,

v.

The FIRESTONE TIRE & RUBBER CO., Defendant.

Nos. CV–87–O–816 to CV–87–O–820.

United States District Court, D. Nebraska.

Feb. 28, 1989.

Kelly S. Breen, Omaha, Neb., for plaintiffs.

Harley M. Kastner, Keith L. Pryatel, Akron, Ohio, Robert L. Lepp, Omaha, Neb., for defendant.

## MEMORANDUM OPINION AND ORDER

CAMBRIDGE, District Judge.

This matter is before the Court upon defendant's motion for attorneys' fees as a sanction pursuant to Fed.R.Civ.P. 11 (CV 87–O–816, Filing No. 37; CV 87–O–817, Filing No. 29; CV 87–O–818, Filing No. 29; CV 87–O–819, Filing No. 29; and CV 87–O–820, Filing No. 29). In considering this motion, the Court has reviewed the record and defendant's brief and affidavit in support of the motion. Plaintiff has not filed any response to the motion.

The Court may impose sanctions whenever a plaintiff has filed a frivolous lawsuit. Fed.R.Civ.P. 11; *Kurkowski v. Volcker*, 819 F.2d 201, 203 (8th Cir.1987). In fact, sanctions are considered mandatory whenever a violation of Rule 11 occurs. *O'Connell v. Champion Intern. Corp.*, 812 F.2d 393, 395 (8th Cir.1987). Therefore, the key question is whether there has been a violation. In making this determination, the Court must use an objective reasonable standard. *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 124 (8th Cir.1987). If the Court finds that plaintiffs have filed frivolous pleadings or pleadings that are " 'legally unreasonable, or without factual foundation,' " then sanctions should be imposed. *Id.* at 124, quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3rd Cir.1986).

This action was dismissed by order of the Court on November 23, 1988. Therein the Court adopted and confirmed in all respects the recommendation by the magistrate to grant defendant's motion for summary judgment. There were no objections filed in regard to that recommendation by plaintiff. The facts of this case were discussed in detail therein, and therefore will not be reiterated at this time. It is sufficient to say that the Court considers this suit to have been extremely frivolous.

Plaintiffs filed this lawsuit seeking to enforce provisions of collective bargaining agreement to which they were not parties. Defendant entered into this agreement with its union employees. Plaintiffs were not union members and were expressly excluded from the agreement by its terms. This fact, if not initially known by plaintiffs and their counsel, should have been determined long before a lawsuit was instigated. Further plaintiffs' counsel were informed of this fact by defendant's counsel as far back of December, 1987 (see Filing No. 38). Therefore, the Court, having reviewed this matter, finds that Rule 11 has been violated by plaintiffs and their counsel. As an appropriate sanction, the Court finds that plaintiffs and their counsel together shall be ordered to pay reasonable attorneys' fees incurred by defendant in defending the above-captioned lawsuit and in bringing the motion now before the Court. Accordingly,

IT IS ORDERED that defendant shall have up to and including March 13, 1989, to submit to the Court for review a detailed report of the attorneys' fees it has incurred. The plaintiffs shall have up to and including March 25, 1989, to file any objections it may have to the report. Upon review, the Court shall issue the appropriate order.