**Gregory JOINER, Appellant,**

v.

**Paul DELO, Michael Bowersox, Investigator Wilson, Capt. Powell, Cathy Stewart, Caseworker Stubblefield, George Lombardi, Larry Rhodes, Randell Thomas, John Doe # 1, John Doe # 2, John Doe # 3, John Doe # 4, and John Doe # 5, Appellees.**

**No. 90–1098.**

United States Court of Appeals, Eighth Circuit.

Submitted May 4, 1990.

Decided June 4, 1990.

Gregory Joiner, pro se.

Robert O'Neal, St. Louis, Mo., for appellees.

Before ARNOLD, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Gregory Joiner, a Missouri inmate, appeals from the district court's[1] order granting summary judgment to appellee prison officials and employees on Joiner's claim for inadequate medical treatment, and dismissing with prejudice the remaining claims in his 42 U.S.C. § 1983 action as a sanction under Federal Rule of Civil Procedure 11. We affirm.

A liberal reading of Joiner's complaint and supplemental complaint reveals four claims: (1) that he was subjected to cruel and unusual punishment when he was kept handcuffed for three days (from March 14 until March 16, 1989), and not allowed to wash his hands after they became soiled with feces, which caused his right hand to become infected; (2) that he did not receive adequate medical care for the infection; (3) that his rights were violated when he was forced to consent to a search of his body via x-rays and an enema; and (4) that false disciplinary charges were brought against him in retaliation for filing this lawsuit. On August 23, 1989, the district court granted Joiner's motion for a temporary restraining order (which the court treated as a motion for preliminary injunctive relief) and ordered prison officials to provide immediate medical attention to Joiner's right hand. On September 15, 1989, Joiner filed a motion for contempt claiming appellees were making him work "without first providing any medical care whatsoever" contrary to the court's order. The court ordered appellees to promptly submit proof of their compliance with the order or face the imposition of fines under 18 U.S.C. § 401.

In response, appellees filed a motion for summary judgment and sanctions under Rule 11, along with a certified copy of Joiner's medical records and the affidavit of Dr. Cayabyab, the prison physician. On the basis of the records and the affidavit, the district court found that Joiner had received regular and proper treatment for his right hand, including medicated soap and ointment, and had been referred to a dermatology specialist at the Missouri State Penitentiary. Accordingly, the court granted summary judgment to appellees on Joiner's claim for inadequate medical care.

In considering appellees' motion for sanctions, the court found that Joiner had received medical treatment during the period of time he claimed to have received "no treatment whatsoever" in his motion for contempt. In view of Joiner's untruthfulness, which "induced [the] court to threaten [appellees] with sanctions when [they]

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

were already in compliance with the court's order," the court concluded that sanctions, including the dismissal of the remaining claims in the complaint, were appropriate.

Our review of the record shows that the district court properly granted summary judgment on the claim for inadequate medical care. The medical records, which Joiner has not refuted, establish that a continuous course of treatment was provided for his infection.

■ We review the appropriateness of the district court's imposition of sanctions under Rule 11 for abuse of discretion. *Kurkowski v. Volcker*, 819 F.2d 201, 203 n. 8 (8th Cir.1987). On appeal, Joiner argues that the court misinterpreted his reasons for filing the motion for contempt of court. He then states that he was without any medical treatment for a period of thirty-five days, from August 8, 1989, until September 12, 1989. He argues that he filed the motion for contempt in good faith and that he should not be held to the same standard as a skilled attorney.

The medical records show that medication was issued for Joiner on August 5, 1989, but he failed to pick it up. He filled out a request for medical treatment on August 29, 1989, and was examined by Dr. Cayabyab on September 5, 1989. Dr. Cayabyab prescribed Triamcinolone, restricted Joiner's work assignments and recommended that Joiner be referred to a dermatologist if his hand was not better in two weeks. Joiner was examined by the dermatologist, who prescribed Prednisone, Kenalog, and Keflex, on September 26, 1989.

■ Joiner's assertion that he did not receive any treatment for thirty-five days is thus clearly refuted by the record. Joiner's allegation of subjective good faith and his pro se status do not excuse his blatant misrepresentation of the circumstances of his medical treatment. *See id.* at 204. Under the particular facts of this case, we find no abuse of discretion in the district court's imposition of Rule 11 sanctions. *Cf. American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 62 (8th Cir.) (per curiam), (dismissal of lawsuit under Rule 11 appropriate even if complaint had merit in light of voluminous number of frivolous documents filed), *cert. denied*, 488 U.S. 996, 109 S.Ct. 565, 102 L.Ed.2d 590 (1988).

The district court's decision is therefore affirmed.