908 F.2d 336
 17 Fed.R.Serv.3d 324
 NATIONAL ASSOCIATION FOR The ADVANCEMENT OF COLORED
PEOPLE--SPECIAL CONTRIBUTION FUND, Appellee,
v.
Thomas I. ATKINS, Appellant.
Nathaniel R. Jones, Theresa Demchak, William H. Wells.
 No. 89-2052WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 16, 1990.
Decided July 11, 1990.
 
 1
 Thomas I. Atkins, Brooklyn, N.Y., pro se.
 
 
 2
 William T. Session, Kansas City, Mo., for appellee.
 
 
 3
 Before JOHN R. GIBSON and MAGILL, Circuit Judges, and GUNN,* District Judge.
 
 
 4
 GUNN, District Judge.
 
 
 5
 Thomas I. Atkins appeals the order of the district court[1] denying his motion for sanctions under Fed.R.Civ.P. 11 and 28 U.S.C. Sec. 1927. We affirm.
 
 
 6
 The National Association for the Advancement of Colored People--Special Contribution Fund ("SCF") brought this case against four former SCF attorneys, Thomas I. Atkins, Nathaniel R. Jones, William H. Wells and Teresa Demchak, alleging that they had retained fee awards which ought to have been remitted to SCF. SCF alleged both federal question and diversity jurisdiction in its original three-count[2] complaint filed February 20, 1987 in the Western District of Missouri. SCF further alleged that it "is an unincorporated association organized and existing under the laws of the state of New York and the United States of America, having its principal place of business in the State of Maryland" and that Atkins "is a citizen and resident of the State of New York."
 
 
 7
 On March 10, 1987, SCF filed an amended complaint seeking an accounting and recovery of attorneys' fees under 42 U.S.C. Sec. 1988 and reiterating the jurisdictional allegations as set forth in the original complaint.
 
 
 8
 Atkins and the other three defendants filed separate motions to dismiss and for sanctions. The motions to dismiss alleged absence of a federal question, lack of personal jurisdiction, lack of diversity, failure to state a claim, lack of subject matter jurisdiction, improper venue, failure of process, insufficiency of service and improper venue. Atkins asserted Fed.R.Civ.P. 11 and 28 U.S.C. Sec. 1927[3] as bases for his motion for sanctions.
 
 
 9
 In an order dated January 13, 1988, the district court noted that it had been advised of a preliminary injunction obtained by Atkins in an Ohio district court, and the pendency of an appeal before the Sixth Circuit from a final judgment favorable to Atkins. Based upon the potential impact of the Sixth Circuit's ruling, and its own concerns about possible substantive or procedural defects in SCF's case,[4] the district court ordered all pending matters denied without prejudice to refiling at such time as the Sixth Circuit's decision was final. The parties were ordered to activate the case when deemed appropriate.
 
 
 10
 At some point prior to October 13, 1988, defendants renewed their motions to dismiss. SCF then filed a motion to substitute the NAACP as the named plaintiff in its place together with a proposed second amended complaint.
 
 
 11
 On October 13, 1988, the Court granted the motions to dismiss and denied the motions for sanctions. With respect to SCF-NAACP's motion for leave to file its second amended complaint, the district court noted that this action was an apparent attempt to keep Atkins in the case on a theory of pendent party jurisdiction.[5]
 
 
 12
 SCF-NAACP asserted that it could sue the defendants in Missouri
 
 
 13
 because defendants Atkins, Jones and Demchak were involved ... in the St. Louis desegregation case.... Although it is conceded that fees earned in that case are not involved in this litigation, plaintiff contends that the Missouri long-arm statute (Sec. 506.500(3), RSMo) allows defendants to be sued in Missouri in that their employer-employee relationship, when considered with activities in Missouri, 'gave rise, at least indirectly, to the plaintiff's claims.'
 
 
 14
 District Court's Order, October 13, 1988, p. 2. Defendants Atkins, Jones and Demchak argued that SCF-NAACP was constitutionally barred from asserting personal jurisdiction over them in Missouri based on activity unrelated to that upon which this lawsuit was predicated. The district court declined to reach the constitutional issue because it held that, under its prior Cunningham ruling, the Missouri long-arm statute does not reach these defendants. The court held: "There is nothing to show, and it is not claimed, that the St. Louis school case had any realistic connection, direct or indirect, to the fee controversy arising in other states. The employment relationship relied on in argument was not, as required, controlled by contracts made in this state." Id., p. 3.
 
 
 15
 Finally, with regard to the motions for sanctions, the Court concluded as follows:A request for Rule 11 sanctions is made. Since I am treating the Cunningham ruling as dispositive, and I volunteered that citation in an order on January 13, 1988, it would not seem that sanctions should be based on a case that defendants did not cite. Cunningham shows that Missouri long-arm law has not been crystal clear. While plaintiff has made some procedural missteps it is not clear that they have been harmful to defendants. Realistically it might have been thought that the defendants would wish to join forces in a single lawsuit on the question presented. Plaintiff has commendably been in the business of experimental litigation, seeking to test the outer limits of civil rights. While this litigation comes close to being irresponsibly filed in this district, I will indulge in generally permissive practice under the circumstances and deny the request for sanctions.
 
 
 16
 Id., p. 4.
 
 
 17
 Atkins argues that the district court erred in several respects. First, he alleges that SCF's procedurally defective pleadings evidence failure to conduct a careful pre-filing inquiry and, therefore, Rule 11 sanctions are mandatory. In addition, Atkins alleges that sanctions must be imposed under 28 U.S.C. Sec. 1927 because SCF continued to prosecute "meritless or defective litigation" even after "the fatal flaws bec[a]me known to" it. Further, Atkins reasserts the various defenses raised in his motion to dismiss contending that these defenses render SCF's lawsuit legally frivolous. Finally, Atkins contends that the district court erroneously applied Eighth Circuit law in analyzing and deciding his motion for sanctions.
 
 
 18
 With respect to the district court's findings of fact, Atkins takes issue with the district court's statement regarding the lack of clear harm to defendants. In support of his argument, Atkins cites his expenditure of time (339.57 hours) and money ($6,924.87 in out-of-pocket expenses) in defending this lawsuit. While this Court acknowledges and in no way denigrates the burden placed upon Atkins by this lawsuit, the expenditure of defense counsel's time and money does not undermine the district court's factual findings or legal conclusions herein. Rather, such allegations would be apposite to the issue of the amount of sanctions imposed by the district court, had it determined that sanctions were appropriate.
 
 
 19
 The Court turns now to a discussion of the applicable law.
 
 
 20
 In determining whether a violation of Rule 11 has occurred, the district court must apply an "objective reasonableness" standard. O'Connell v. Champion International Corp., 812 F.2d 393, 395 (8th Cir.1987). Moreover, Atkins correctly indites the three-tiered standard of review which this Court previously has applied to Rule 11 proceedings. But that standard is no longer appropriate.
 
 
 21
 The Supreme Court recently has announced the proper standard of review for Rule 11 proceedings, rejecting the three-tiered approach. After a thorough discussion of Rule 11's purposes and policies and tracking analyses of similar provisions of the Equal Administration of Justice Act, the Supreme Court holds that "an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." Cooter & Gell v. Hartmarx Corp., --- U.S. ----, ----, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Id.[6] The abuse of discretion standard is therefore the proper standard of Rule 11 review to be applied in this case. And we find no abuse of the district court's discretion in denying Atkins' Rule 11 sanctions.
 
 
 22
 The analysis under 28 U.S.C. Sec. 1927 is slightly different. That statute provides for sanctions when "an attorney unreasonably and vexatiously multiplied the proceedings." Id. This court has indicated that the language of Sec. 1927 appears to require both a finding of objectively unreasonable behavior and a finding of bad faith. Id. at n. 2.
 
 
 23
 Applying the above principles to the case before it, the Court notes that the trial court's statement concerning the harm to defendants is not a "clearly erroneous assessment of the evidence." The cost to defendants in bringing motions to dismiss and for sanctions is regrettable. However, these costs are common to all litigants forced to defend a lawsuit. Moreover, the mere fact that defendants challenged the sufficiency of SCF's pleadings as a matter of law does not in itself require a finding that SCF's lawsuit was substantively frivolous. More significantly, the district court specifically declined to rule on the merits of the case, making its decision to dismiss solely on the basis of procedural defects. As the district court noted, Missouri long-arm law is unclear. Atkins does not dispute this fact. Accordingly, this Court further finds that the district court properly determined that no Rule 11 violation occurred.
 
 
 24
 Although the district court did not specifically address the alleged violation of Sec. 1927, its order supports a finding that no violation of that statute occurred. First, the record does not support a finding of vexatious multiplication of pleadings. SCF filed little more than a complaint and an amended complaint. A litigant's opposition to a motion to dismiss does not constitute "stubborn refusal to dismiss fatally defective pleadings." The court, not the parties, determines whether a pleading is fatally defective. Until the court rules on a motion to dismiss, therefore, plaintiff's pleadings are not conclusively "fatally defective." The district court's determination that no Rule 11 violation occurred constitutes a finding that SCF's behavior was objectively reasonable. No further inquiry need be made, therefore, as Sec. 1927 requires a finding of unreasonable behavior.
 
 
 25
 For all of the foregoing reasons, the district court's decision is affirmed.
 
 
 
 *
 The HONORABLE GEORGE F. GUNN, JR., United States District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, Western Division
 
 
 [2]
 Count I for breach of constructive trust and of fiduciary duty; Count II for conversion; and Count III for "attorney's fees, costs and expenses applied for and awarded to defendants, pursuant to the Fees Act, 42 U.S.C. 1988."
 
 
 [3]
 28 U.S.C. Sec. 1927, Counsel's liability for excessive costs, provides as follows:
 Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
 
 
 [4]
 With respect to these potential defects, the Court directed the parties to Cunningham v. Subaru of America, Inc., 620 F.Supp. 646, 647 (W.D.Mo.1985) in a footnote to its order
 
 
 [5]
 In another footnote, the district court stated,
 While the matter need not be ruled on in this court, I consider it very unlikely that pendent party jurisdiction will successfully keep Mr. Atkins in this case, as a matter of federal diversity citizenship law. The issue remains somewhat controversial, however.
 The Court notes that Judge Sachs' prediction proved true. See Finley v. United States, --- U.S. ----, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (holding that a grant of jurisdiction over claims involving particular parties does not itself confer jurisdiction over additional claims by or against different parties). In February of 1987, however, SCF had a reasonable legal basis for attempting to assert pendent party jurisdiction.
 
 
 [6]
 Under Cooter & Gell, the three-tiered standard of review is no longer appropriate, and this Court's holdings which conflict with Cooter in that regard should no longer be followed. See, e.g., Jenkins v. Missouri, 904 F.2d 415, 420 (8th Cir.1990) and E.E.O.C. v. Milanetz & Assocs., P.A., 863 F.2d 613, 614 (8th Cir.1988)