**Robert CARMAN, Appellant,**

v.

**R. TREAT, Officer of KC Police Dept.; K. Randolph, Police Officer K.C.; Gene Morgan, Superintendent K.C.H.C.; Calvin Palmer, Ass't Super. K.C.H.C.; James Burgess, Lt. Correctional Officer K.C.H.C., Appellees.**

No. 92–2840.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1993.

Decided Oct. 29, 1993.

Rehearing Denied Dec. 7, 1993.

Sean Hogan, Overland Park, KS, argued (Sean K. Hogan, Overland Park, KS, and Robert Carman, Kansas City, MO, on the brief), for appellant.

Counsel who presented argument on behalf of the appellees was Thomas Alan Sheehan, Kansas City, MO, argued (Claudia J. York and Thomas A. Sheehan, on the brief), for appellees.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

As a sanction under Federal Rule of Civil Procedure 11, the district court[1] dismissed with prejudice Robert Carman's civil rights complaint. *See* 42 U.S.C. § 1983. Carman appeals. We affirm.

## I.

As he was being transferred from the Kansas City Honor Center (now known as the Kansas City Community Release Center) to the Western Missouri Correctional Center, Carman struggled with a correctional officer. Two Kansas City, Missouri, police officers responded to the scene to help control Carman. Following the incident, Carman, who was then a prisoner at the Jefferson City Correctional Center, filed a pro se civil rights action alleging that Treat and Randolph, Kansas City, Missouri, police officers, and James Burgess, Calvin Palmer, and Gene Morgan, Kansas City Honor Center correctional officers, had assaulted him, in violation of his constitutional rights.

Carman twice requested counsel to represent him in his civil rights action. The district court denied both requests. Carman then filed three documents that he had entitled "Memorandum in Support of Motion to Appoint Counsel," "Order to Show Cause and Temporary Restraining Order," and "Affidavit." In the last two documents, Carman alleged that while he was a prisoner at the Jefferson City Correctional Center, the defendants, their agents, and others acting in concert with them had retaliated against him

---

1. The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri.

for filing a civil rights action by beating him, threatening him, withdrawing his earned-time credits, depriving him of medical care and clothing, confining him in a punitive segregation cell, and lengthening his prison term. The district court again denied Carman's request for appointed counsel, construed the last two documents as a motion for injunctive relief, and ordered the defendants to respond. In their response, Burgess, Palmer, and Morgan stated that they had no control over the circumstances of Carman's confinement at the Jefferson City Correctional Center and requested that the court sanction Carman for making allegations that had no basis in fact.

The district court denied Carman's motion for injunctive relief on the ground that Carman was not in the defendants' custody and not subject to their control. In a separate order, the court directed Carman to respond to the defendants' request for sanctions by providing evidence to substantiate his claims. Although Carman responded to the court's order, he failed to provide any evidence demonstrating that the defendants had been responsible for any retaliatory actions that Jefferson City Correctional Center employees may have committed. The court then entered the order of dismissal.

## II.

■ We review all aspects of a district court order granting Rule 11 sanctions under the abuse-of-discretion standard. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990); *Miller v. Bittner*, 985 F.2d 935, 938 (8th Cir.1993).

■ Carman argues that the district court abused its discretion by imposing sanctions based on an unsigned motion. As discussed above, Carman's motion for injunctive relief consisted of two documents. In the first document, a proposed order to show cause and temporary restraining order, Carman alleged that the defendants had been responsible for numerous actions against him in retaliation for filing a civil rights action. Because the first document was a proposed order, Carman did not sign it, instead attaching to it a signed affidavit that repeated the allega-

tions appearing in the proposed order. Accordingly, because the affidavit and the proposed order together constituted the motion for injunctive relief, the district court properly treated the two documents as a signed motion.

■ Carman next argues that the district court abused its discretion by granting the defendants' motion for sanctions. Carman's signature indicated that "to the best of ... [his] knowledge, information, and belief formed after reasonable inquiry [his motion] is well grounded in fact and is warranted by existing law ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ. Pro. 11. Carman's pro se status did not entitle him to disregard the Federal Rules of Civil Procedure. *See Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir.1987) (holding that ignorance of the law or legal procedure is no excuse for filing a frivolous action). Moreover, the district court gave Carman several opportunities to comply with Rule 11. When the court issued its order stating that it would construe Carman's "Order to Show Cause and Temporary Restraining Order" and "Affidavit" as a motion for injunctive relief, it warned Carman that his signature certified that the motion complied with Rule 11 and cautioned that a violation would result in sanctions. After the court denied Carman's motion for injunctive relief, it issued a separate order directing Carman to provide evidence substantiating the allegations in his motion and informing him of the consequences of his failure to do so. Carman requested an extension of time in which to respond to the defendants' request for sanctions, claiming that he had been denied access to legal materials. Although the district court had ordered Carman to substantiate factual allegations rather than to provide legal authority to support his position, the court nevertheless granted the extension.

Carman's response to the district court's order provided no evidence linking the defendants to the actions Carman had sought to enjoin. Carman asserted that Pettus, a Jefferson City Correctional Center employee,

had informed him during an interview concerning Carman's conduct violation that Carman would be found guilty of the violation regardless of what his witnesses said because Pettus was employed by the Department of Corrections. Carman also claimed that Pettus had stated that two dismissed conduct violations were being held against him to prevent Carman from filing any more lawsuits against the Department of Corrections. Even if Carman's allegations are true, they do not link Pettus' statements to the defendants. At the time of the alleged retaliatory actions, Carman was incarcerated at the Jefferson City Correctional Center. The record contains no evidence that the Kansas City, Missouri, defendants caused Jefferson City correctional officers to commit any retaliatory actions against Carman. Carman may have believed that he had been the victim of retaliatory actions, and he may also have believed that the defendants had been responsible for those actions. His subjective belief and pro se status, however, do not insulate him from the reach of Rule 11. *Joiner v. Delo,* 905 F.2d 206, 208 (8th Cir. 1990). We also note that Carman's response did not mention some of his most serious allegations—that he had been beaten, threatened, and denied medical care. Accordingly, the district court did not abuse its discretion by granting the defendants' motion for sanctions.

Carman argues that even if we find that he violated Rule 11, the district court nevertheless abused its discretion by choosing dismissal with prejudice as a sanction. If a court finds that Rule 11 has been violated, it must impose a sanction. *See, e.g., United States v. International Bhd. of Teamsters,* 948 F.2d 1338, 1344 (2d Cir.1991). The court has broad discretion, however, in the choice of sanctions. *See Cooter & Gell,* 496 U.S. at 400, 110 S.Ct. at 2458 (quoting Fed.R.Civ. Pro. 11 advisory committee's note). In *Joiner v. Delo,* 905 F.2d 206, 208 (8th Cir.1990), we held that the district court did not abuse its discretion by dismissing an inmate's civil rights action with prejudice as a sanction

under Rule 11 for the inmate's blatant misrepresentation of the record. *See also American Inmate Paralegal Assoc. v. Cline,* 859 F.2d 59, 62 (8th Cir.) (per curiam), *cert. denied,* 488 U.S. 996, 109 S.Ct. 565, 102 L.Ed.2d 590 (1988). Carman argues that he did not deliberately misrepresent the record. Carman's argument, however, ignores the fact that he, like Joiner, violated Rule 11 by filing a motion that was not well grounded in fact.

In summary, although we might have chosen a different sanction,[2] we do not find that the district court abused its discretion by dismissing Carman's civil rights action with prejudice as a sanction for ignoring the district court's repeated warnings and for failing to provide any evidence substantiating the allegations in his motion for injunctive relief.

The judgment of the district court is affirmed.

---

2. We note, however, that the district court granted Carman provisional leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Thus, ordering Carman to pay the defendants' attor-

neys' fees, the other sanction that the defendants suggested in their motion, may not have been a practicable alternative.