22 F.3d 1104
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 MET-COIL SYSTEMS CORPORATION, Plaintiff-Appellee,
v.
ENGEL INDUSTRIES, INC., Defendant-Appellant.
 No. 93-1416.
 United States Court of Appeals, Federal Circuit.
 March 16, 1994.
 
 Before NEWMAN, MICHEL and PLAGER, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Plaintiff-appellee, Met-Coil Systems Corp. ("Met-Coil"), licensed its patented technology for making integrally flanged rectangular heating and cooling ducts to defendant-appellant, Engel Industries, Inc. ("Engel"). In Spring of 1989, Met-Coil claimed Engel breached the license by failing to mark Met-Coil's patent number on Engel's machines as required by the license agreement. As a result, Met-Coil filed the present suit, alleging that the license to Engel had been terminated by notice of the breach.
 
 
 2
 Engel moved to dismiss for failure to state a cause of action because the complaint did not "allege compliance with the conditions precedent to the cancellation of [the] license agreement." In particular, the license agreement explicitly required that Engel be given a 60-day written notice and opportunity to cure before any termination. Met-Coil, however, provided no such notice. Instead, Met-Coil declared that the license agreement terminated just two days after Met-Coil learned of the alleged breach. Also, Engel cured the problem within the 60-day period by adding the patent number to its product. Along with its motion to dismiss, Engel filed a motion for sanctions under Rule 11.
 
 
 3
 While Engel's motions were pending, Met-Coil filed its amended complaint. Count I of the amended complaint sought rescission of the license agreement between Met-Coil and Engel. In the alternative, count II sought termination of the agreement because of breach on the part of Engel. Count III alleged patent infringement by Engel from the very beginning, in the event of rescission, or from the period of termination, in the alternative.
 
 
 4
 Again, Engel filed neither an answer nor a motion for summary judgment with respect to the amended complaint. Instead, Engel filed a motion to dismiss the amended complaint.
 
 
 5
 While Engel's motion to dismiss was still pending, Met-Coil filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1). Rule 41(a)(1) provides that
 
 
 6
 an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment....
 
 
 7
 Met-Coil's notice pointed out that Engel had filed neither an answer nor a motion for summary judgment.
 
 
 8
 Engel responded by filing a request to withhold approval of the notice of dismissal pending ruling on its sanctions motion, and argued that dismissal should be with prejudice. Engel also filed a Rule 41(b) motion seeking involuntary dismissal on the ground that Met-Coil failed to prosecute its rescission cause of action.
 
 
 9
 The district court denied Engel's motions in an order dated November 24, 1992, holding that: (1) Met-Coil properly dismissed its complaint without prejudice under Rule 41(a)(1); and (2) Engel was not entitled to sanctions under Rule 11. Met-Coil Sys. Corp. v. Engel Indus., Inc., No. 91-2198C(8) (Nov. 24, 1992).
 
 
 10
 Engel responded by filing a motion under Rule 59(e), to alter or amend the November 24, 1992, order. Engel contended that Met-Coil was not entitled to a dismissal without prejudice as Engel's motion for sanctions "transformed" his motion to dismiss into a motion for summary judgment, citing Kurkowski v. Volcker, 819 F.2d 201 (8th Cir.1987).
 
 
 11
 The district court denied Engel's Rule 59(e) motion, and Engel appeals the denial. We affirm.
 
 DISCUSSION
 I.
 
 12
 Met-Coil contends that the district court did not err in upholding Met-Coil's dismissal without prejudice of its amended complaint under Rule 41(a)(1) because Met-Coil filed its notice of voluntary dismissal before Engel submitted an answer or motion for summary judgment.
 
 
 13
 Engel responds that its motion to dismiss, which was filed before Met-Coil's notice of voluntary dismissal, was transformed into a motion for summary judgment by Rule 12(b). Rule 12(b) provides that
 
 
 14
 [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ...
 
 
 15
 The question then becomes whether Engel's motion for sanctions, along with its accompanying affidavit from Met-Coil's counsel, Jerome Gross, constitute "matters outside the pleading" which warrant treating the Rule 12(b)(6) motion to dismiss as a Rule 56 summary judgment motion.
 
 
 16
 Engel answers in the affirmative, citing Kurkowski, 819 F.2d at 203 n. 7, for the proposition that a motion for sanctions is one matter outside the pleadings which transforms a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.
 
 
 17
 We disagree. Engel's motion for sanctions and supporting memoranda are not the type of materials which constitute "matters outside the pleading" as contemplated by Rule 12(b) to convert a Rule 12(b)(6) motion into a motion under Rule 56. According to Sardo v. McGrath, 196 F.2d 20, 22 (D.C.Cir.1952), the extra-pleading matters contemplated by Rule 12(b) "must be either depositions, admissions or affidavits." In the present case, Engel presented no depositions or admissions in support of its motion to dismiss, and the affidavit from outside counsel, Jerome Gross, did not support the motion to dismiss. Instead, the Gross affidavit related solely to Engel's motion for sanctions, and the court in Nix v. Fulton Lodge No. 2 of Int. Ass'n of Mach. & Aero. W., 452 F.2d 794, 797 (5th Cir.1972), explicitly held that, where no affidavits or "other matters outside the pleadings" pertaining to the Rule 12(b)(6) motion to dismiss were submitted, there can be no conversion of the motion to dismiss into a summary judgment motion under Rule 12(b).
 
 
 18
 Moreover, Engel's reading of Kurkowski is overly broad. A careful reading of Kurkowski reveals that it was not the motion for sanctions itself which converted the motion to dismiss to a motion for summary judgment, but rather the evidence produced at a hearing that related to the motion to dismiss.
 
 
 19
 Accordingly, we affirm the district court's November 24, 1992, dismissal without prejudice pursuant to Rule 41(a)(1).
 
 B.
 
 20
 Engel also appeals the district court's denial of Rule 11 sanctions. Engel based its motion for sanctions on three arguments: (1) Met-Coil violated Rule 11 because the signer of Met-Coil's pleadings is "merely a local facilitator for Met-Coil who did not possess knowledge that any of the pleadings were well grounded in fact and warranted by law"; (2) Met-Coil's pleadings "have been interposed for an improper purpose"; and (3) Met-Coil's pleadings "contain procedural errors and contradict each other." Met-Coil, slip op. at 29.
 
 
 21
 The Supreme Court clearly articulated the standard of appellate review for Rule 11 decisions in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 400-05 (1990):
 
 
 22
 No dispute exists that the appellate court should review the district court's selection of a sanction under a deferential standard.
 
 
 23
 * * *
 
 
 24
 * * *
 
 
 25
 [A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a District Court's Rule 11 determination.
 
 
 26
 Given this deferential standard of review, we cannot conclude that the district court abused its discretion. Although the district court ultimately denied Engel's motion for sanctions, it considered each of Engel's various assertions. The district court found and explicitly stated in its opinion that K. Steven Jones, who signed the complaint and served as local counsel on behalf of Clarence J. Fleming and Met-Coil, swore in an affidavit that he "discussed the pleadings by telephone or in person with Mr. Fleming." Met-Coil, slip op. at 29. Thus, we cannot say that the district court judge abused his discretion in concluding that Jones read the pleading and to the best of his knowledge, information, and belief formed after reasonable inquiry determined that it was well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal thereof.
 
 
 27
 Moreover, the district court specifically found that Met-Coil did not file the instant action for an improper purpose, and held that the procedural errors contained in the pleadings do not warrant sanctions under Rule 11. Because we find no abuse of discretion, we affirm the district court's denial of sanctions.
 
 III.
 
 28
 Finally, we deny Met-Coil's cross-motion for sanctions against Engel pursuant to Rule 38 of the Federal Rules of Appellate Procedure. Although Engel did not ultimately prevail on his appeal, the appeal was by no means frivolous. Engel did raise some potentially meritorious arguments concerning the possible impropriety of the district court's voluntary dismissal without prejudice. Moreover, as to Engel's appeal of the district court's denial of sanctions, we considered it persuasive, though not dispositive, that a copy of the license agreement, which required Met-Coil to give Engel a 60 day cure period before termination, was attached to the complaint which alleged termination without affording the 60 days. Accordingly, Met-Coil's request for sanctions is denied.