914 F.2d 1027
 Fed. Sec. L. Rep. P 95,479, 17 Fed.R.Serv.3d 1381
 Carter C. CROOKHAM and John Coster, Appellants,
Peter C. Riley and Charles C. Allen, Appellants,
v.
Joe P. CROOKHAM; Myron Gordin; Thomas H. McCollum; Musco,
Inc. a/k/a Musco Sports/Lighting Inc., f/k/a Muscatine
Lighting Mfg. Co., Inc.; Musco Mobile-Lighting, Ltd., a/k/a
Musco Mobile-Lighting Corp.; G & L Industries, Inc.; and
Gridco Partnership, Appellees.
 No. 89-2608SI.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 12, 1990.
Decided Sept. 12, 1990.
 
 Mark W. Bennett, Des Moines, Iowa, for appellants.
 Edward W. Remsburg, Des Moines, Iowa, for appellees.
 Before MAGILL and BEAM, Circuit Judges, and LARSON,* Senior District Judge.
 MAGILL, Circuit Judge.
 
 
 1
 This is an appeal from the district court's[1] order imposing a Rule 11 sanction of $10,000 solely on plaintiffs' counsel in a securities case. In spite of long-standing Eighth Circuit law, plaintiffs' counsel seek reversal on the grounds that pleading a "private" right of action under section 17(a) of the Securities Act of 1933, 15 U.S.C. Sec. 77q(a), constituted a good faith argument for the reversal of existing law,[2] and that defendants failed to mitigate their attorneys' fees. We affirm.
 
 I.
 
 2
 This case involves three pleadings. First, on January 15, 1988, plaintiffs through their counsel filed suit in federal district court alleging that defendants had violated sections 11 and 17(a) of the Securities Act of 1933, 15 U.S.C. Secs. 77k, 77q(a), as a result of the sale and purchase of securities using the mail and interstate commerce.[3]
 
 
 3
 Second, on January 20, 1988, plaintiffs' counsel amended the complaint asserting the same claims and adding state law claims under the court's pendent jurisdiction. On February 16, 1988, defendants moved for dismissal and Rule 11 sanctions. Plaintiffs' counsel responded on April 5, 1988 by asserting a good faith argument for the reversal of existing law regarding section 17(a). Plaintiffs' counsel stated that pleading a cause of action under section 11 was a good faith mistake. Plaintiffs voluntarily dismissed the section 11 claim.
 
 
 4
 Third, on May 6, 1988, plaintiffs' counsel filed an amended and substituted complaint alleging (1) section 10(b), 15 U.S.C. Sec. 78j(b), and Rule 10b(5), 17 C.F.R. Sec. 240.10b-5, violations ; (2) section 17(a), 15 U.S.C. Sec. 77q(a), violations; (3) section 5, 15 U.S.C. Sec. 77e, and section 12, 15 U.S.C. Sec. 77l, violations; and (4) pendent state law claims.
 
 
 5
 Defendants moved to dismiss the amended and substituted complaint. After a hearing, the district court dismissed plaintiffs' section 17(a) claim, based on Eighth Circuit precedent, and plaintiffs' section 5 and section 12 claims, as barred by the three-year statute of limitations on such actions embodied in 15 U.S.C. Sec. 77m.
 
 
 6
 Defendants then filed a supplemental motion for sanctions in light of the dismissal of plaintiffs' section 5 and section 12 claims. A hearing was held on August 17, 1989. On August 28, 1989, the district court issued an order imposing a $10,000 sanction solely on plaintiffs' counsel. Sanctioned counsel timely appealed.[4]
 
 II.
 Rule 11 provides that
 
 7
 [e]very pleading ... of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading ...; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.... If a pleading ... is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading ... including a reasonable attorney's fee.
 
 
 8
 Fed.R.Civ.P. 11. "Rule 11 makes sanctions mandatory when a violation of the Rule occurs, but whether a violation has occurred is a matter for the court to determine, and this determination involves matters of judgment and degree." O'Connell v. Champion Int'l Corp., 812 F.2d 393, 395 (8th Cir.1987). The district court must consider "whether the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading." Id. We must review all aspects of a district court's Rule 11 determination under an abuse of discretion standard. Cooter & Gell v. Hartmarx Corp., --- U.S. ----, ---- - ----, 110 S.Ct. 2447, 2460-61, 110 L.Ed.2d 359, 381-82 (1990) (rejecting three-tiered standard of review).
 
 
 9
 Attorneys Peter Riley and Charles Allen signed the original complaint, the amendment to the complaint, and the amended and substituted complaint. After attending a federal practice seminar, Riley, who had not previously litigated a securities case, thought plaintiffs' claim would be cognizable under the Federal Securities Acts. Riley and Allen, who also had no previous experience in securities litigation, discussed the applicability of section 10(b) and Rule 10b(5) to the facts of this case with a law professor at the University of Iowa law school. The complaint and amendment to the complaint, however, alleged violations of sections 11 and 17(a).
 
 
 10
 Allen drafted the complaint without reading the case law. Riley did no independent research or he would have discovered our Deviries holding precluding a private cause of action under section 17(a). Allen was aware that the circuits were split over whether section 17(a) embodied a private right of action but was unaware of our Deviries, Shull and McLendon cases holding in the negative. Therefore, the trial court held that at the time Riley and Allen signed the complaint, the amendment to the complaint, and the amended and substituted complaint, they could not have intended a "good faith argument" for the reversal of existing law.
 
 
 11
 Riley and Allen both claimed they intended to plead a section 10(b) cause of action but mistakenly used the wrong form and pleaded a section 11 violation, and did not read the drafts closely enough to notice the error. Riley admittedly did not know what violations were pleaded at the time he signed the complaint.
 
 
 12
 The district court held that plaintiffs' counsel did not make a reasonable inquiry into the law as required by Rule 11 before signing the complaint and the amendment to the complaint. Therefore, the district court concluded that their signatures had violated Rule 11.
 
 
 13
 The amended and substituted complaint alleged additional violations of sections 5 and 12. Plaintiffs' section 5 and section 12 claims were time-barred under the applicable statute of limitations.[5] Riley was familiar with case law dictating an absolute three-year limitation on section 5 and section 12 actions and the fact that no case law asserted any other limitation period. Therefore, the district court held pleading plaintiffs' claims under sections 5 and 12 was frivolous, and plaintiffs' counsels' signatures again violated Rule 11.
 
 
 14
 Plaintiffs' counsel argues that since defendants' counsel failed to mitigate their attorneys' fees, the awarded sanctions should be reversed. Defendants' counsel submitted hourly fee statements exceeding $50,000 to the district court. It is true that counsel cannot receive fees for excessive or duplicative effort. However, Rule 11 does not require that a sanction constitute an award of actual fees.
 
 
 15
 The district court imposed a sanction of $10,000 on plaintiffs' counsel. Though we would have found a sanction of $5,000 sufficient, we find no abuse of discretion by the district court.
 
 
 16
 Further, the mitigation claim fails because plaintiffs' own expert testified at the August 17 motion hearing that $13,000 would have been a reasonable fee. Tr. at 16. In addition, the district court noted that plaintiffs' counsel stated in oral argument that $13,000 was a reasonable fee.[6] The district court concluded that plaintiffs' evidence established $13,000 as a reasonable fee. We hold that the district court did not abuse its discretion in awarding the lesser fee.
 
 
 17
 For the foregoing reasons, we hold that the district court did not abuse its discretion in concluding that Riley and Allen signed the pleadings without conducting a reasonable inquiry into the facts and law. We affirm the sanction imposed on plaintiffs' counsel by the district court.
 
 
 
 *
 The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa
 
 
 [2]
 We have consistently held that there is no private right of action for violation of section 17(a) of the Securities Act. See, e.g., Deviries v. Prudential-Bache Sec., Inc., 805 F.2d 326, 328 (8th Cir.1986); Shull v. Dain, Kalman & Quail, Inc., 561 F.2d 152, 159 (8th Cir.1977), cert. denied, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978); Greater Iowa Corp. v. McLendon, 378 F.2d 783, 790 (8th Cir.1967)
 
 
 [3]
 The complaint contained allegations that defendants solicited the sale of certain shares of stock in Musco, Inc. and Musco Mobile using a prospectus containing material misrepresentations (i.e., failed to disclose that the stock was obtained through the use of a wrongful guarantee)
 
 
 [4]
 Although not raised by appellees, we note in general that Rule 11 sanctions against present counsel to a party are immediately appealable as a final decision under Sec. 1291, Mesirow v. Pepperidge Farm, Inc., 703 F.2d 339, 345 (9th Cir.), cert. denied, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983), and under the Cohen collateral order doctrine, Frazier v. Cast, 771 F.2d 259, 261-62 (7th Cir.1985); Cheng v. GAF Corp., 713 F.2d 886, 888-90 (2d Cir.1983)
 
 
 [5]
 15 U.S.C. Sec. 77m (1934) provides that the statute of limitations for a section 12 claim is one year, which can be tolled to a maximum of three years. Section 5 claims are subject to the same statute of limitations
 
 
 [6]
 Order, No. 88-29-5, slip op. at 2 (S.D.Iowa Sept. 25, 1989)