**In re Gary and Donna BROWN.**

**Bankruptcy No. 91–41393S.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

March 1, 1993.

Randal Templeton, Little Rock, AR, for Danny & Cheryl Looper.

James Stanley, Little Rock, AR, for debtors.

A.L. Tenney, Chapter 13 Trustee.

MARY D. SCOTT, Bankruptcy Judge.

### ORDER IMPOSING SANCTIONS

The Court, *sua sponte*, and based upon a request by creditors Danny and Cheryl Looper, issued an Order to Show Cause why sanctions should not be imposed. After hearing testimony and argument of counsel, the Court deems it appropriate that sanctions be awarded pursuant to Rule 9011, Federal Rules of Bankruptcy Procedure, against counsel for the debtors, in favor of the creditors in the amount of five hundred dollars ($500.00).

### THE FACTUAL BACKGROUND

In March 1989, the debtors entered into a purchase agreement with Danny and Che-

ryl Looper ("the Loopers"). The debtors were to pay approximately $159 each month on a $15,900 note until paid in full. Due to the debtor's failure to make their payments, in May 1991, the Loopers gave notice to the debtors that they would rescind the contractual agreement. In response to this notice, the debtors filed this bankruptcy case on June 10, 1991.

Both the Chapter 13 Trustee and the Loopers objected to confirmation of the proposed plan. Hearing on these objections was set for October 8, 1991, at which time the parties announced that the objections were settled. With regard to the Looper's objection, the parties submitted an agreed Order which stated in pertinent part:

> Wherefore the Court being fully informed hereby orders that, within 20 days, the debtors, Gary Brown & Donna Brown, increase their arrearage payment to $72.83 per month for a total monthly payment of $231.74 per month, and that if the debtors, Gary Brown & Donna Brown are more than 30 days late with any full monthly payment herein, Danny Looper and Cheryl Looper will be granted ex parte relief from the Automatic Stay after written notice of such missed payment and 10 days from the date of the notice to cure the deficiency.

Order of October 18, 1991. Thereafter the plan was modified in accord with the settlements and confirmed on January 6, 1992.

On May 26, 1992, the Chapter 13 trustee filed a motion to dismiss the case for failure to make the monthly payments pursuant to the plan. Hearing on the Motion to dismiss was scheduled for June 9, 1992. At the hearing on June 9, 1992, the trustee and debtors agreed to continue the matter to July 28, 1992. At the hearing on July 28, 1992, the trustee and the debtors agreed to continue the matter to August 25, 1992. At the hearing held on August 25, 1992, the trustee and the debtors agreed to continue the matter to September 10, 1992. Prior to, and during the time the motion to dismiss was continually continued, the debtors failed to make full plan payments. Indeed, during July and August 1992, the debtors made no payments.

During the time the debtors were negotiating with the trustee, the Loopers took action with respect to the failure of debtors to make payments. On August 27, 1992, the Loopers submitted and the Court signed, pursuant to the Order of October 18, 1991, an ex parte Order granting relief from stay.

On or about September 2, 1992, a disability payment to Donna Brown enabled the debtors to pay the arrearage on their plan payments. Upon receipt of the funds, the trustee withdrew his motion to dismiss. Having already obtained relief from stay, the Loopers refused to accept payment on the arrearage due them. On September 9, 1992, the debtors filed a motion requesting that the Order of August 27, 1992, granting relief from the automatic stay be set aside. The Loopers timely filed a response. The stated grounds for the motion were that the debtors now had the ability to make their plan payments. The matter was scheduled for hearing on October 20, 1992. The Looper's motion for a continuance due to a scheduling conflict was granted by Order dated October 23, 1992. On November 6, 1992, the debtors failed to prosecute their motion, whereupon the Court denied the motion by Order entered November 20, 1992.

On December 3, 1992, the debtors sought to set aside the Order of November 20, 1992, stating that counsel had failed to notice that the Order granting the continuance also set the next hearing date. Inasmuch as this excuse did not rise to the level of excusable neglect, the Court denied this motion by Order dated December 18, 1992.[1]

---

1. The Order stated in pertinent part:
 This Court expects counsel to read all of the notices and Orders issued by the Court, not merely the computer generated clerical Orders setting hearing. In this instance, the Court issued an Order continuing a hearing which very clearly stated the new hearing date. Indeed, the largest amount of verbiage in the Order was devoted to stating the time and place of the new hearing. The debtors admit they received the Order and apparently did not read it carefully. This does not rise to the level of excusable neglect. *See* Fed. R.Bankr.Proc. 9024; Fed.R.Civ.Proc. 60.

On January 12, 1993, the debtors for the second time moved to set aside the Order of August 27, 1992. The grounds were the same as those set forth in the motion filed five months earlier on September 9, 1992. The motion filed September 9, 1992, admits that the debtors were delinquent in their plan payments, indicates that Donna Brown received a lump sum award, and that their plan payments are current and will remain current. In this motion, the debtors assert that the property sought to be purchased is the debtors' principal residence.

The motion filed January 12, 1993, is nearly identical, asserting that the debtors were "temporarily delinquent" in their plan payments, but, due to the award, the plan payments are current and will continue to be current. The only substantively different assertion is that the property is *to be* the debtors' principal residence.

The Loopers responded, asserting that the motion, being duplicative of the previous contested matter, was interposed for the purpose of delay and to increase the costs and fees of the Loopers. The response expressly requested that fees and sanctions be awarded against the debtors in favor of the Loopers.

In addition to filing the motion to set aside the Order of August 27, 1992, the debtors noticed a modification to the plan in which it declared the real property to be in the estate and provided for payment of "all sums necessary from funds on hand" for the property. The Loopers were not required to object to this modification inasmuch as the debtors withdrew the modification during the hearing held on February 9, 1993.

The Court denied the debtor's duplicative January 12, 1993, motion[2] and issued an Order to Show Cause as to why sanctions should not be imposed. Hearing was held on February 9, 1993, at which time counsel

argued and the debtor Gary Brown testified. Debtors essentially argued that they never "had their day in Court" and that they "always have the right to seek to have property put back into the estate." The debtors further argue that there was no wilful violation of any rule or Order of Court.

The argument of counsel indicated that he had no understanding of what was amiss in the pleadings. Apparently, counsel believes he can simply continue to file the same motion, time after time, until he obtains a favorable result. In the instant case, two separate motions were filed to vacate the Order of August 27, 1992, the Order which lifted the stay as to the real property.

It was not until ten months later, in August 1992, when they suffered the consequences of failing to comply with their agreement, that the debtors decided that they did not like their settlement. Indeed, it was not until they suffered the consequences of failing to comply with the agreement that they even requested that the Order be set aside. Further, while the debtors attempted to be relieved of the consequences of their actions, they have never requested that they be relieved of the settlement itself.

### AUTHORITY TO IMPOSE SANCTIONS

Rule 9011, Federal Rules of Bankruptcy Procedure, provides as follows:

(a) *Signature.* Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney ... shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated.... The signature of an attorney or a party constitutes a certificate that the attorney or

---

2. The Order stated in part:
 The debtors previously had the opportunity to cure their arrearage; they failed in that effort. The debtors previously moved to set aside the August 27, 1992, Order; they failed in that effort. There are no grounds stated for the filing of a second motion to set aside the Order of August 27, 1992. Even assuming

Rule 9024 permitted such a motion, no grounds have been stated to the Court pursuant to that Rule. The issues raised by the debtors have already been decided and will not be relitigated. The obstreperous and multiplicitous motions by debtors are without foundation.

party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Rule 9011 tracks the language of Rule 11, Federal Rules of Civil Procedure, *Stuebben v. Gioioso (In re Gioioso)*, 979 F.2d 956, 959 (3d Cir.1992). There appears to be no analytical distinction between cases decided pursuant to Rule 9011 and cases decided pursuant to Rule 11.

 In addition to Rule 11, district courts have the inherent power to sanction persons appearing before it, *Harlan v. Lewis*, 982 F.2d 1255 (8th Cir.1993) (citing *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34, 3 L.Ed. 259 (1812)). This inherent power inures to the bankruptcy courts. *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1023 (5th Cir.1991).

 The preliminary requirement of Rule 9011 is the existence of a signed pleading, motion, or other document. *Adduono v. World Hockey Assoc.*, 824 F.2d 617 (8th Cir.1987). In the instant case, this requirement is met by virtue of the signed motions and modification filed by the debtors. Under Rule 9011, there are two primary questions for a court, the first of which is the discretionary issue of whether there is a violation of the rule. *Crookham v. Crookham*, 914 F.2d 1027, 1029 (8th Cir.1990). If the court finds that a violation exists, a sanction is mandatory. *Id.* The second issue is the discretionary question of what sanction is appropriate. *See id.*

## WHETHER A VIOLATION OF RULE EXISTS

 In determining whether there is a violation of Rule 11, the Court applies an objective reasonableness standard. *Nat'l Assoc. for the Advancement of Colored People v. Atkins*, 908 F.2d 336, 339 (8th Cir.1990). A finding of subjective bad faith is not necessary. *White v. General Motors Corporation, Inc.*, 908 F.2d 675, 680 (10th Cir.1990), *cert. denied*, 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991). A good faith belief in the merits of an argument is insufficient to avoid Rule 11 sanctions because the attorney's belief must be in accord with what a reasonable, competent attorney would believe under the circumstances. *White v. General Motors Corporation, Inc.*, 908 F.2d at 680.

 The debtors filed three motions to set aside Orders of Court. The first and third of these Orders state precisely the same grounds. The first was denied. The second sought to set aside that denial. When that failed, the third motion attacked the very same order as the first. In tandem with their January 12, 1993, motion, the debtors filed a modification to their plan to reinclude the property in their plan. Thus, there are two documents which violated Rule 9011. Once the Court denied the second motion, the debtors' remedy was to appeal that Order. They had no basis for filing another, identical contested matter or to attempt to void the August 27, 1992, Order by submitting a plan which directly conflicted with that Order. The Motion filed January 12, 1993, attacking for the second time the Order of August 27, 1992, violates Rule 9011. There was no existing or good faith legal basis for filing the motion, requiring the creditors to respond and appear for hearing, or for the Court to expend time addressing the issues raised by debtors.

■ The Loopers should not have had to continually ask their attorney, "Is it over now?" There are numerous doctrines which provide for finality of litigation. Collateral estoppel, law of the case, and res judicata all serve to grant finality to issues and cases between particular parties. The sanctionable conduct in this case is more basic to litigation than even the concepts of collateral estoppel and res judicata. Once a court has ruled on an issue in a case, the issue is concluded. If a party disagrees with a ruling, once a final order is entered, that ruling may be appealed. It is improper to file the same motion again and again. It is more than improper, it is groundless in existing law or fact such that the provisions of Rule 9011 are violated. *See Magnus Electronics, Inc. v. Masco Corp. of Indiana*, 871 F.2d 626 (8th Cir.1989), *cert. denied*, 493 U.S. 891, 110 S.Ct. 237, 107 L.Ed.2d 188 (1989) (motion to reconsider is frivolous if it contains no new evidence or arguments or law that explains why court should change an original order); *Costello, Porter, Hill, Heisterkamp & Bushnell v. Providers Fidelity Life Ins. Co.*, 958 F.2d 836 (8th Cir.1992) (appeal was frivolous where it raised the same issues as an appeal of another order in same case. The appeal "essentially duplicated issues raised and briefs submitted in the original appeal."); *Brown v. National Board of Medical Examiners*, 800 F.2d 168, 173 (7th Cir.1986) (motion to reconsider imposition of sanction which merely reproduced an original motion is a violation of Rule 11); *Saratoga Savings & Loan Association v. Tate*, No. C–87–20603, 1988 WL 162813, 1988 U.S.Dist. LEXIS 16573 (N.D.Cal. Sept. 28, 1988) ("However, eleven days later, with no new or meritorious arguments, the Berliner firm came to this court seeking the same relief. The court's first order was essentially disregarded by plaintiff's counsel. The court finds that defendant is entitled to his attorneys fees for having to defend against this repetitive motion.").

Debtors assert that they "always have the right to seek to have property put back into the estate." Debtors cite no authority in support of this proposition. The Court is not aware of the existence of any authority supporting the proposition that despite an Order expressly permitting creditor to pursue his state law remedies against the property, the debtors may, on their own, deprive the creditor of the benefit of such Order. There is no legal or factual basis for such an assertion in this case.

Further, there is no factual basis for the assertion that the debtors never had their "day in court." Under the terms of the *agreed* Order entered over fifteen months ago, on October 18, 1991, the debtors were not even entitled to a hearing on whether the property should or could be "put back into the estate." The "day in Court" for the debtors was scheduled for *October 8, 1991.* On that date, the parties came to court and entered into a settlement. The Order of October 18, 1991, was entered based upon that agreement of the parties: the debtors expressly agreed that if they failed to make their payments, the Loopers were entitled to *ex-parte* relief from stay. That is, pursuant to the settlement, should the debtors fail to timely make full payments, the creditors would not be required to appear again in Court. The debtors admittedly failed to make their payments, to and the Loopers obtained the relief from stay pursuant to the agreement—the October 18, 1991, Order. Accordingly, there was no basis for the duplicative January 12, 1993, motion.

Similarly, there was no basis for the January 22, 1993, proposed plan modification. The modification, by declaring that the property would be retained by debtors and paid through plan, constituted a violation of Rule 9011. Filing of the modified plan was simply a devious maneuver seeking to do indirectly what they could not do directly. There was no legal nor factual basis for the inclusion of the property in the plan. While the fact that the debtors voluntarily withdrew this modification affects the inquiry regarding the appropriate sanction, such withdrawal does not negate the violation of the rule in the first instance.

### WHAT SANCTION IS APPROPRIATE?

■ In determining an appropriate sanction, the court looks to fashioning a

narrowly tailored solution which will achieve the specific purposes of the rule, including (1) sanctioning the individual(s) responsible to punish current abuse (2) sanctioning the individual(s) responsible to deter future abuse, (3) remedying the damage caused by the misconduct, (4) preserving as far as possible the rights of all parties, *see Harlan v. Lewis*, 982 F.2d 1255 (8th Cir.1993), and (5) streamlining court dockets and facilitating case management, *see White v. General Motors Corporation, Inc.*, 908 F.2d 675, 683 (10th Cir.1990). In sanctioning parties or counsel, the court may not "rush into an ill-considered imposition of sanctions," but should consider (1) the various sanctions which may be imposed, (2) the effect of such sanctions upon the course of the litigation, (3) and the ability of the parties, especially the prejudiced party, to present their case. *See id.*

█ In addition to these basic precepts, there are numerous factors which courts have applied in determining what sanctions are appropriate. Courts consider the following:

(1) the ability to pay a fine;

(2) whether the sanction is the least severe that will deter undesirable conduct;

(3) the effect of the conduct on the court's docket;

(4) the prejudice to parties resulting from the conduct;

(5) the deterrent effect to protect the integrity of the judicial system;

(6) the reasonableness of the fees and expenses incurred because of the improper behavior, including analysis of any duty to mitigate (*i.e.*, not over-researching or over-discovering clearly meritless claims);

(7) whether the area needs a special expertise;

(8) the offending party's history, experience and ability;

(9) the severity of the violation;

(10) the degree to which malice or bad faith contributed to the violation;

(11) the risk of chilling the type of litigation involved;

(12) any other factors appropriate in the individual circumstances.

*See generally Pope v. Federal Express Corporation*, 974 F.2d 982 (8th Cir.1992); *White v. General Motors Corporation, Inc.*, 908 F.2d at 684–85; *Brown v. Federation of State Medical Boards of the U.S.*, 830 F.2d 1429 (7th Cir.1987).

█ The individual largely responsible for the conduct of this proceeding is counsel for the debtors. Debtor Gary Brown's testimony and demeanor indicated to the Court that he did not understand what was transpiring. He simply parroted the terms he heard his counsel use. While debtors may be sanctioned for the acts of their attorneys, *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir.1992), this case is not appropriate for such action. To further the purpose of the rule, sanctions should be imposed not upon the debtors, but solely upon counsel.

Further, the Court finds that the most appropriate sanction in this case is monetary. The debtors are now clearly aware of the Court's view in this matter, the proposed modification has been withdrawn, and no further prejudice should result to the Loopers. The damages resulting from debtors' actions are the time consuming nuisance to the Court and the time expended by Loopers' counsel. A monetary sanction against counsel will serve to punish his offending conduct, deter future violations, and remedy the damage caused by the violation of Rule 9011.

Several of numerous factors weigh in this case. The Loopers presented evidence that they had paid between $400 and $500 for services performed by their attorney in this case. In addition, they had not yet been billed for the services regarding the January 12, 1993, motion regarding the plan modification, or for the hearing held on February 9, 1993. The Loopers are entitled to be reimbursed for their fees and expenses relating to the filing of the multiplicitous motions, the modifications, and the Court appearances. There is no indication time expenditures for creditors' counsel were unreasonable. The Court also notes that Mr. Looper appeared at the

hearings, taking time from his own work schedule to ensure that his rights were preserved.

Sanctions are also necessary to punish and deter[3] the conduct by counsel for the debtors. Counsel appears often in this Court and generally knows how to conduct himself and litigation in the Bankruptcy Court. While the Court cannot find that the actions of counsel were necessarily in bad faith, they were clearly unreasonable by an objective standard. Counsel's violations of Rule 9011 did not involve complex, esoteric concepts, but rather violated concepts very basic to finality of litigation and justice.

The Court has considered each of the appropriate factors and finds that a $500 sanction against counsel, payable to the creditors is appropriate. This serves not only to reimburse the creditors, but also to punish for the imposition upon this Court and to deter future inappropriate conduct.

**ORDERED** that sanctions are hereby imposed upon counsel for the debtors, James Stanley, in the amount of $500.00 and in favor of the creditors, Danny Looper and Cheryl Looper. The sanctions shall be paid to the Loopers through their attorney within forty-five (45) days of entry of this Order. It is

**FURTHER ORDERED** that James Stanley shall file a Certificate of Compliance with the Clerk of the Court, within forty-five (45) days of entry of this Order, certifying that he has complied with this Order.

**IT IS SO ORDERED.**

---

3. The Court notes that this is not the first instance that the Court has been confronted with similar obstreperous conduct by counsel. For example, in *In re Russell,* 148 B.R. 564 (Bankr. E.D.Ark.1992), despite the Court's prior ruling that debtor must elect an exemption under either section 522(d)(11)(D) or (E), the debtor refused to do so. The Court stated:

> This Court has already sustained the same objections to the same exemptions made by this debtor in this bankruptcy case. The debtor is bound by the prior, unappealed Order of

this Court. The debtor has urged no circumstances or applicable rule under which this matter should be reheard. He argues instead that he did in fact make an election: the debtor intends the election under section 522(d)(11)(D). The Court finds this incomprehensible inasmuch as the debtor also continues to claim an exemption under section 522(d)(11)(E) and placed evidence in the record regarding that election.

*Id.* at 565.