In re Mitch Joel WULFEKUHL, Debtor.

In re Barbara J. Sherwood, Debtor.

In re Amber Renee Scouten, Debtor.

In re Barry and Vickie Wilhite, Debtors.

In re Claude and Ronda Moore, Debtors.

In re Charles and Krystal Gregg, Debtors.

In re Jeffrey and Suzanne Shouse, Debtors.

In re Cynthia Annette Myers, Debtor.

In re David and Jesse Park, Debtor.

Bankruptcy Nos. 00–43675, 00–44668, 00–44813, 01–40268, 01–41522, 00–44225, 01–40188, 01–41624.

United States Bankruptcy Court, W.D. Missouri.

Sept. 24, 2001.

Elizabeth C. Jones, Castle Law Firm, Kansas City, MO, for debtor.

*MEMORANDUM OPINION*

ARTHUR B. FEDERMAN, Chief Judge.

Attorney Elizabeth Jones, on behalf of the Castle Law Firm (Castle), filed Chapter 13 bankruptcy petitions for each of the above debtors. While the cases were pending, Castle filed what appeared to be generic responses denying allegations in various motions to dismiss filed by the Chapter 13 trustee. As a consequence of Castle having filed a response to the motions, the matters were set for hearing. At the hearing, the Court inquired as to the basis for denying all allegations in the motions. Not being satisfied with counsel for Castle's response, the Court issued an Order to Show Cause why Castle should not be sanctioned for violations of Rule 9011 of the Federal Rules of Bankruptcy Procedure (Rule 9011). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ISSUE PRESENTED

Castle admitted filing responses to the Chapter 13 trustee's motions to dismiss in the above cases prior to contacting each of the clients as to their actual situations at the time of the filing. Rule 9011 provides that when an attorney signs and files a paper with the Court, the attorney is certifying to the Court that he or she has made reasonable inquiry and that there is a reasonable basis for the motion. Did Castle violate Rule 9011 by this practice?

## DECISION

By its own admission Castle filed responses to motions to dismiss with this Court prior to making any inquiry as to whether there was any basis for the response. As such, Castle violated Rule 9011. Castle will, therefore, be sanctioned in the amount of $2,500.00, such sanction to be payable to the Clerk of Court.

## FACTUAL BACKGROUND

Castle represented debtors in a number of cases on this Court's Chapter 13 docket scheduled for July 30, 2001. In five of those cases,[1] the trustee moved to dismiss either because debtors had failed to commence making payments,[2] or because of a material default by a debtor in making payments under a confirmed plan.[3] In all five cases, debtor's counsel filed a response reading in relevant part as follows: "Debtor denies each and every allegation in Paragraph 1."[4] At the hearing held on July 30, 2001, counsel for Castle was not able to identify any contact between his firm and its clients concerning the response filed to the trustee's motions to dismiss. And, at the hearing, debtors offered no evidence or argument to demonstrate that the trustee's allegations of payment default were in error.

In two cases, the trustee's motion to dismiss was based upon the failure of the debtor to provide requested information concerning wages, or an income tax refund.[5] In both cases, counsel for debtors filed the same general denial, yet at the hearing offered no evidence or argument to demonstrate that the requested information was either inappropriate or had been provided at the time the response was filed.

Two other cases[6] involved motions to dismiss for failure to file a confirmable plan. Once again, counsel filed the same general denial, but, thereafter, filed an amended plan.

Castle offered no basis for denying the trustee's allegations at the hearing. In addition, two of Castle's clients who attended the hearing made statements that caused this Court to believe that the responses might have been filed without sufficient contact having been made with the client to ascertain the basis for such denials. Accordingly, Castle was ordered to show cause, in writing, why it should not be sanctioned for violations of Rule 9011. Castle responded, and this Court scheduled a show cause hearing on September 10, 2001. The above clients received notice of the hearing and one client, Barbara Sherwood, attended.

1. *In re Mitch Joel Wulfekuhl,* Case No. 00–43675; *In re Barbara J. Sherwood,* Case No. 00–44240; *In re Amber Renee Scouten,* Case No. 00–44668; *In re Claude and Ronda Moore,* Case No. 01–40268; *In re David and Jesse Park,* Case No. 01–41624.

2. 11 U.S.C. § 1307(c)(4).

3. 11 U.S.C. § 1307(c)(6).

4. *See, e.g.* Case No. 00–43675, Doc. # 27.

5. *See In re Barry and Vickie Wilhite,* Case No. 00–44813; *In re Charles and Krystal Gregg.*

6. *See In re Jeffrey and Suzanne Shouse,* Case No. 00–44225; *In re Cynthia Annette Myers,* Case No. 01–40188.

Ms. Jones, in both her response and at the show cause hearing, admitted that she had filed generic denials that were not warranted based on the evidence available at the time of filing. She then made the following arguments as to why her firm should not be sanctioned:

(1) Castle filed generic responses in another District and did not believe such was a violation of Rule 9011;

(2) Castle did not seek compensation from its clients for filing the generic responses;

(3) Castle filed these responses as a courtesy to and for the benefit of their clients;

(4) Castle believed this was a common practice in this District;

(5) No party was injured by the responses;

(6) Castle tried to, and in some instances did, contact clients before filing responses;

(7) Castle immediately implemented significant changes to its practice when notified of the Court's concern; and

(8) Castle is able and willing to comply with the Court's wishes.

I will address the relevant arguments.

### DISCUSSION

▮▮▮ Rule 9011 provides that any response filed with the bankruptcy court must be prepared after a reasonable inquiry, must be signed, must be warranted by existing law, and must be filed for a proper purpose:

(b) **REPRESENTATIONS TO THE COURT.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.[7]

Rule 9011(b) requires the court to make an objective determination as to whether Castle's conduct was reasonable under the circumstances.[8] In other words, the Court must determine whether Castle made a reasonable inquiry prior to filing a response.[9] Given that the law firm admitted to filing signed papers with the Court prior to making any inquiry as to whether the filing had any evidentiary basis in fact, I find that the law firm violated Rule 9011. Counsel for Castle argued that the law

---

7. Fed.R.Bankr.P. 9011(b).

8. *Snyder v. Dewoskin (In re Mahendra)*, 131 F.3d 750, 759 (8th Cir.1997); *In re Funaro*, 263 B.R. 892, 903 (8th Cir.BAP2001); *In re*

*Brown*, 152 B.R. 563, 567 (Bankr.E.D.Ark. 1993).

9. *Mid–Tech Consulting, Inc. v. Swendra (In re Swendra)*, 938 F.2d 885, 888 (8th Cir.1991).

firm filed the generic responses in order to obtain more time for its clients to cure a default or respond to the Chapter 13 trustee, and to have this Court schedule a hearing. While this Court is aware that sanctions should be used judiciously to propagate vigorous advocacy,[10] attorneys cannot appropriately advocate for their clients without communication. Counsel for Castle argued that the law firm filed the responses to benefit the clients, and that the firm did not bill the clients for the responses filed or for any Court appearances necessitated by the response. She, therefore, claims that no one was injured by the response, therefore, sanctions are not indicated. That argument fails for two reasons. First, by its plain language, Rule 9011 demands a reasonable inquiry and places the responsibility for that inquiry on the person who signs the pleading filed with the Court.[11] An attorney who signs and files any paper with the Court must verify the facts at the time of the filing.[12] Rule 9011 helps insure the integrity of the judicial process for the benefit of all. While vigorous advocacy is to be promoted, the filing of groundless pleadings cannot be condoned. Second, Castle cannot prove that its clients suffered no harm, since it failed to contact the clients and ascertain the status of the case prior to filing the response. As I stated in the Order to Show Cause, diligent counsel should have, upon receipt of the motions to dismiss, contacted each client to determine if there was, in fact, a default, and if there was a reason for such default. If so, counsel and each client could have discussed moving the Court to suspend the missed payments, to amend the plan, to convert the case to Chapter 7, or to permit the case to be dismissed. Castle filed a generic response instead of communicating with its clients and offering them legal advice and options. And, such admittedly groundless responses do cause harm to the Court. Many of these matters are set for hearing when debtors have no viable defense, thus further crowding an already crowded Court docket. The Chapter 13 trustee is forced to prepare and appear at these hearings, which increases the cost of administering Chapter 13 cases. I find Castle's argument that it filed groundless pleadings in another District to be irrelevant to this Court's determination that such a practice is a blatant violation of the plain language of Rule 9011. I will, however, limit the amount of sanctions imposed to the sum of $2,500.00 based upon counsel for Castle's representation that it has changed its practices. Pursuant to Rule 9011(c)(2), I will Order that such sanction be paid as a penalty to the Clerk of Court.

An Order in accordance with this Memorandum Opinion will be entered this date.

10. J. Scott Humphrey, *Sanctions Against the Creditor's Attorney in Non-reorganization Bankruptcy Proceedings*, **6 Bankr.Dev.J.** 481, 482 (1989).

11. *Computer Dynamics Inc. v. Merrill (In re Computer Dynamics Inc.)*, 252 B.R. 50, 56 (Bankr.E.D.Va.1997).

12. *Id.; Capital Factors, Inc. v. General Plastics Corp. (In re General Plastics Corp.)*, 170 B.R. 725, 732 (Bankr.S.D.Fla.1994);