**In re Curtis A. & Maria E. CROFFORD, Debtors.**

No. 00–43858 E.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Nov. 15, 2002.

**370**

Kathy A. Cruz, Cruz & Associates, P.L.C., Hot Springs, AR, Robert Lowery, for debtors.

Peter B. Heister, Martha Jett McAlister, Eichenbaum Law Firm, Michael R. Johns, Dover & Dixon, P.A., Little Rock, AR, for Conseco Finance Servicing Corp.

## ORDER DENYING MOTION TO AMEND MOTION, MOTION TO AMEND JUDGMENT AND IMPOSING SANCTIONS ON COUNSEL

AUDREY R. EVANS, Bankruptcy Judge.

On September 18, 2002, the Court heard a Motion to Amend Motion to Alter or Amend Judgment, a Motion to Alter or Amend Judgment and an Order to Show Cause why Debtors and Debtors' counsel should not be sanctioned under Rule 11(c)(1)(B)[1] for filing a motion to reopen raising legal issues that have previously been raised and decided. Kathy A. Cruz, Esq. appeared on behalf of the Debtors. Robert Lowery, Esq. appeared on behalf of the Debtors and Kathy Cruz. Pete Heister, Esq. appeared on behalf of Conseco

Finance Servicing Corp. ("**Conseco**"). At hearing, Conseco orally moved for an award of its attorneys fees and costs incurred in connection with the matter. The Court denied Debtors' Motion to Amend Motion to Alter or Amend Judgment and the Debtors' Motion to Alter or Amend Judgment. The Court also ruled that it will enter sanctions and award Conseco's motion for attorneys' fees and costs, although not necessarily for the entire amount. This order clarifies the Court's ruling and sets forth the sanctions entered. This Court has jurisdiction to enter a final judgment in this matter. 28 U.S.C. § 1334(a).

## PROCEDURAL BACKGROUND

The Debtors filed a chapter 7 petition on August 30, 2000, and received a discharge in this no asset case on December 14, 2000. The case was closed January 16, 2001. Debtors filed a Motion to Reopen Case on November 19, 2001, to prevent a creditor, Conseco, from pursuing a foreclosure action in state court and resolving certain lien issues with respect to real property and a mobile home that Debtors claimed as exempt property on their bankruptcy schedules. The Court denied the Motion to Reopen Case on December 12, 2001, holding that the lien issues were properly before a state court, and that in any case, the Court had no jurisdiction over the subject property because it was claimed exempt by Debtors. The Debtors subsequently filed a Motion to Reconsider the Court's order denying Debtors' Motion to Reopen. The Court denied the Debtors' Motion for Reconsideration, and the Debtors appealed. The Bankruptcy Appellate Panel subsequently affirmed the Court's denial of Debtors' Motion to Reopen and Motion for Reconsideration. Specifically,

---

**1.** All references to rules in this order refer to the Federal Rules of Civil Procedure made applicable to bankruptcy cases by the Federal Rules of Bankruptcy Procedure.

the Bankruptcy Appellate Panel found that the Debtors' appeal of the Order Denying Motion to Reopen was untimely, and that the Debtors failed to allege sufficient grounds for relief from an order under Rule 60 (Bankruptcy Rule 9024) with respect to the Debtors' Motion for Reconsideration. *Crofford v. Conseco (In re Crofford)*, 277 B.R. 109 (8th Cir. BAP 2002).

Debtors then filed another Motion to Reopen on July 23, 2002. Conseco responded on July 31, 2002. In this Motion to Reopen, the Debtors asked for Court approval to reopen this Chapter 7 case so that they could file an adversary proceeding against Conseco to determine the dischargeability of a new debt created by a deed reformation pending in state court and to determine whether Conseco violated the discharge injunction under 11 U.S.C. § 524. Because the allegations in Debtors' motion were substantially the same as those made in the previously filed Motion to Reopen Case and Motion for Reconsideration (namely, that Conseco had violated the discharge injunction by pursuing its state court remedies and trying to perfect its lien with respect to real property and a mobile home), the Court denied the Motion to Reopen on August 16, 2002, and ordered the Debtors and Debtors' counsel to show cause why they should not be sanctioned under Rule 11(c)(1)(B) for filing a motion to reopen raising legal issues that have previously been raised and decided.

Debtors subsequently filed a Motion to Alter or Amend Judgment on August 26, 2002, under Rule 59(e) (Bankruptcy Rule 9023). In reliance on *In re Menk*, 241 B.R. 896 (9th Cir. BAP 1999), Debtors argue that the Court's order denying their motion to reopen should be amended because the Court's rulings on Debtors' prior motion to reopen and motion for reconsideration were not "law of the case" and

therefore not binding on Debtors. Conseco filed a response and objection to Debtors' Motion to Alter or Amend Judgment asserting that the cases cited by Debtors do not support Debtors' arguments, and disagreeing with Debtors' characterization of the holding in *Menk*. Debtors subsequently filed a reply to Conseco's response and objection disagreeing with Conseco's legal analysis and asserting that they wanted the Court's denial of their Motion to Reopen to be re-characterized as a decision to abstain. Debtors also filed a Motion to Amend Motion to Alter or Amend Judgment requesting it be allowed to file an amended motion to correct certain cosmetic and non-substantive mistakes contained in the original motion. By agreement of the parties, both the Debtors' Motion to Alter or Amend Judgment and Motion to Amend Motion to Alter or Amend Judgment were heard September 18, 2002, along with the Court's order to show cause why sanctions should not be entered in connection with the Debtors' most recent motion to reopen.

## DEBTORS' MOTION TO AMEND MOTION TO ALTER OR AMEND JUDGMENT

The Court denied Debtors' Motion to Amend Motion to Alter or Amend Judgment due to its untimeliness and the fact that Debtors did not seek to correct substantive errors in their original pleading. The motion was untimely in that it was filed after Conseco had already filed a response and objection to Debtor's original motion, and Conseco had also filed a supporting brief. Allowing the Debtors to correct cosmetic errors under these circumstances would not serve judicial economy.

## DEBTORS' MOTION TO ALTER OR AMEND JUDGMENT

Debtors' Motion to Alter or Amend Judgment is filed under Rule 59(e)

(Bankruptcy Rule 9023). Because it was filed within ten days of the original order denying Debtors' motion to reopen, it is timely. Fed. R. Civ. Pro. 59(e); *Sanders v. Clemco Indus.*, 862 F.2d 161, 169 (8th Cir.1988). The Eighth Circuit Court of Appeals has described the role of Rule 59(e) motions as follows:

> Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Rule 59(e) motions serve a limited function of correcting " 'manifest errors of law or fact or to present newly discovered evidence.' " Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.

*Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998) (citations omitted).

Debtors contend that the Court made a legal error in holding that Debtors could not bring a second motion to reopen. Specifically, Debtors argue that the Court's order denying their first motion to reopen is not binding "law of the case." Debtors largely rely on the *Menk* case which they cited but did not discuss in their motion to reopen. Debtors assert that *Menk* stands for the proposition that "a motion to reopen does not create 'law of the case' and is not binding on the *issuing* court or any other court." *Debtors' Brief in Support of Motion to Alter or Amend Judgment* (emphasis added). Debtors further assert that *Menk* is widely followed and has specifically been followed by two Eighth Circuit cases: *In re Canal Street Limited Partnership*, 269 B.R. 375 (8th Cir. BAP 2001) (citing *Menk* in connection with holding that a motion to reopen can be decided

*ex parte* with no notice and hearing), and *In re Williams*, 256 B.R. 885 (8th Cir. BAP 2001) (citing *Menk* regarding "arising in" jurisdiction of bankruptcy court). Neither *In re Canal Street Limited Partnership* nor *In re Williams* dealt with repeat motions to reopen or the "law of the case" doctrine; in fact, *Williams* is not even about a motion to reopen.

■ Debtors grossly misinterpret *Menk*. *Menk* holds that reopening a closed bankruptcy case is not a prerequisite to subject matter jurisdiction over a non-dischargeability action. 241 B.R. at 910–911. *Menk* does not say that the bankruptcy court's denial of a motion to reopen does not act as law of the case on the issuing court as Debtors contend. In fact, *Menk* did not even involve a subsequent motion to reopen or even mention the "law of the case" doctrine. *Menk* does state the following about motions to reopen: (1) motions to reopen may be decided *ex parte* without notice and a hearing pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. Proc. 5010; (2) the merits of the underlying litigation cannot be considered on a motion to reopen; and (3) where a bankruptcy court fails to reopen to decide state court issues, that is more properly considered abstention, which is not reviewable by the appeals court. 241 B.R. at 914–916. In reliance on these points, Debtors make a giant leap to assert that *Menk* holds that a decision on a motion to reopen is not binding "law of the case." *Menk* clearly holds no such thing. Furthermore, Debtors' assertion ignores the pervasive body of case law holding that issues which have been previously litigated are barred by the "law of the case" doctrine which prevents the "relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency." *Little Earth of United Tribes, Inc. v. U.S. Dep't*

*of Hous. and Urban Dev.,* 807 F.2d 1433, 1440–41 (8th Cir.1986). Furthermore, the law of the case doctrine has been specifically applied to repetitive motions to reopen. *See Arleaux v. Arleaux (In re Arleaux),* 229 B.R. 182, 185 (8th Cir. BAP 1999) (law of the case doctrine and principals of *res judicata* barred debtor's second motion to reopen alleging the same grounds for reopening his case as his first unsuccessful motion to reopen).[2] Although *Menk* clearly does not hold or even indicate that a decision on a motion to reopen is not a final binding order, the Court will briefly address Debtors' other arguments that they are entitled to relief under the holdings of *Menk.*

■ First, Debtors argue that a motion to reopen is ministerial in nature and can be decided *ex parte* without notice and a hearing. Debtors argue that a motion to reopen is therefore not "fair game to become a contested matter." *Debtors' Brief.* It is not clear whether Debtors are objecting to Conseco's responses and objections filed in this matter, or whether Debtors are arguing that the *ex parte* nature of a motion to reopen does not result in a final judgment (even though Debtors' maintained the denial of their first motion to reopen was a final order for purposes of their appeal to the Bankruptcy Appellate Panel). In either case, while a motion to reopen may be decided *ex parte,* neither the Bankruptcy Code nor the Bankruptcy Rules require it to be or otherwise prohibit other interested parties from filing pleadings in objection to such a motion. Furthermore, this Court decided Debtors' Motion to Reopen *ex parte* based on the

record in the case, and an *ex parte* order is as binding as any other order issued by this Court.

■ Second, Debtors argue that underlying substantive issues should not be examined in ruling on their motion to reopen. *See Menk,* 241 B.R. at 916. *Menk* holds that the only issues to be decided on a motion to reopen are whether further administration of the case is warranted, whether a trustee should be appointed, and whether another filing fee should be paid in connection with the reopening. *Id.* at 916–917. In holding that considerations of economy do not warrant a court's examination of the underlying legal issues on a motion to reopen, the *Menk* court stated: "The better practice is the procedurally correct one of requiring merits issues to be left to the underlying litigation and relying on Rule 9011 and the court's inherent sanctioning authority to contain inappropriate litigation." *Id.* at 916. This is exactly what this Court has done; when Debtors filed a second motion to reopen asking for the same relief sought in their first motion to reopen and subsequent motion for reconsideration, this Court denied the motion and ordered a show cause hearing on why sanctions should not be entered for filing the same motion twice. This Court did not examine the merits of the Debtors' proposed adversary proceeding; rather, this Court examined the Debtors' second motion and determined that it was substantively identical to the one previously denied by this Court and upheld on appeal.

---

**2.** Debtors assert that *Arleaux* is not controlling because it is pre-*Menk* and has direct negative history reported in Colliers on Bankruptcy. The Court's research indicates that only one California Bankruptcy Court case disagrees with *Arleaux's* holding regarding whether a debt arising from a postpetition dissolution decree is dischargeable. *See In re Emelity,* 251 B.R. 151, 155 (Bankr.S.D.Cal. 2000). Accordingly, *Arleaux* remains good law, and Debtors' assertions to the contrary will be taken into consideration in the Court's ruling on sanctions.

■ Finally, Debtors further argue that the Court should recharacterize its denial of their motion to reopen as an abstention. It is too late for the Debtors to argue the Court should have abstained. If the Debtors wanted an abstention order, they should have asked for it; they failed to do so in their original motion to reopen and motion for reconsideration, both of which were denied by Judge Scott and upheld on appeal. They also failed to mention abstention in their subsequent motion to reopen, which is the subject of Debtor's current Motion to Alter or Amend Judgment. While abstention may have been an appropriate remedy in this case (even though Debtors originally argued the state court could not hear Debtors' complaint for damages under 11 U.S.C. § 362(h)), Debtors did not request the Court to abstain or otherwise argue that abstention was appropriate; they cannot do so now on a Rule 59(e) motion. *See Innovative Home Health Care, Inc.,* 141 F.3d at 1286 (Rule 59(e) motions cannot be used to raise new arguments that could have been raised prior to judgment).

■ In sum, *Menk* does not stand for the proposition that a decision on a motion to reopen does not bar the subsequent filing of the same motion. Once it is denied, it cannot be brought again. *See Arleaux,* 229 B.R. at 185; *Kieffer v. Riske (In re Kieffer–Mickes, Inc.),* 226 B.R. 204, 210 (8th Cir. BAP 1998); *In re Brown,* 152 B.R. 563, 568 (Bankr.E.D.Ark.1993). When this Court denied Debtors' original motion to reopen, their remedy was to appeal the decision. They did not timely appeal, and accordingly, the merits of their motion to reopen were not reviewed and cannot be reviewed now.

## RULE 11 SANCTIONS

■ Under Rule 11(b) (Bankruptcy Rule 9011), when documents such as motions and pleadings are presented to the court, the signing attorney certifies that to the best of his or her knowledge, information and belief, having reasonably inquired into the circumstances, the legal position asserted is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. The signing attorney also certifies under Rule 11(b) that the document is not presented for an improper purpose such as to harass or cause unnecessary delay or increase the cost of litigation. If the Court determines that Rule 11(b) has been violated, it may impose an appropriate sanction (subject to certain conditions) upon the attorneys, law firms, or parties that have violated Rule 11(b) after providing such parties with notice and a reasonable opportunity to respond. In addition to Rule 11, the bankruptcy court has inherit power to sanction persons appearing before it. *See In re Brown,* 152 B.R. 563, 567 (Bankr.E.D.Ark. 1993) (*citing Harlan v. Lewis,* 982 F.2d 1255 (8th Cir.1993) and *Citizens Bank & Trust Co. v. Case (In re Case),* 937 F.2d 1014, 1023 (5th Cir.1991)).

■ Before imposing sanctions, the Court must determine if a violation of Rule 11(b) has occurred. Once a violation has been established, the Court must then determine what sanctions are appropriate. *See In re Brown,* 152 B.R. at 567 (*citing Crookham v. Crookham,* 914 F.2d 1027, 1029 (8th Cir.1990)).

### *Whether a Violation of Rule 11 Exists*

■ The Court applies an objective reasonableness standard in determining whether there is a violation of Rule 9011. *See In re Brown,* 152 B.R. at 567 (*citing Nat'l Assoc. for the Advancement of Colored People v. Atkins,* 908 F.2d 336, 339 (8th Cir.1990)). It is not necessary to make a finding of subjective bad faith. *Id.*

*(citing White v. General Motors Corp., Inc.,* 908 F.2d 675, 680 (10th Cir.1990)). "A good faith belief in the merits of an argument is insufficient to avoid Rule 11 sanctions because the attorney's belief must be in accord with what a reasonable, competent attorney would believe under the circumstances." *Id.*

 In this case, neither Debtors nor Debtors' counsel have shown cause why they should not be sanctioned for filing the same motion again despite its having already been denied. Debtors' counsel argues that she is required to file a motion to reopen so that the underlying issues may be heard on their merits, because while filing an adversary proceeding in a closed case is permissible, the clerk's office is unable to "deal with this procedure." *Debtors' Brief.* Debtors' counsel asserts that she is "in a position of not having zealously pursed the matter to a 'law of the case' ending unless the Court either abstains or hears the case on its merits." Debtors' counsel fails to address this Court's basis for its denial of Debtors' Motion to Reopen: namely, that the same motion was previously brought and denied; a motion to reconsider that denial was denied; and both those rulings were upheld on appeal. Rather, she vehemently maintains that the first order denying Debtors' motion to reopen was not a binding order. As previously explained, it was a binding order under the law of the case doctrine and prohibited Debtors from moving to reopen this case for the same purposes raised in their original motion to reopen.

Debtors' reliance on *Menk* is not justified; a reasonable, competent attorney would not interpret *Menk* as holding that a person could bring the same motion again and again. Furthermore, Debtors' counsel frivolously asserted that a case on point, *Arleaux v. Arleaux,* 229 B.R. 182, was not

good law. Accordingly, this Court finds that Debtors' counsel violated Rule 11(b) by asserting a legal position that is not warranted by existing law or by a nonfrivilous argument for the extension, modification, or reversal of existing law or the establishment of new law. Although debtors may be sanctioned for their attorneys' behavior, *Boogaerts v. Bank of Bradley,* 961 F.2d 765, 768 (8th Cir.1992), the Court does not find this to be an appropriate case for such action because it is Debtors' counsel's responsibility to analyze and present legal arguments. Furthermore, statements made by Debtors' counsel in her pleadings indicate that Debtors' counsel took the actions it did in an attempt to avoid a malpractice suit by her clients. For these reasons, the Court finds that Debtors' counsel is subject to sanctions for a violation of Rule 11(b).

### What Sanctions Are Appropriate

 Monetary sanctions cannot be awarded against a represented party for a violation of Rule 11(b)(2) (*i.e.,* the legal position asserted is warranted by existing law or by a nonfrivilous argument for the extension, modification, or reversal of existing law or the establishment of new law), and monetary sanctions cannot be awarded on the court's initiative unless the court issues its order to show cause before the party (or its attorney) to be sanctioned voluntarily dismisses or settles its claims. Rule 11(c)(2). Otherwise, the sanction may be monetary or nonmonetary and must be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. *Id.* If a party moves for attorneys' fees, the court may order the sanctioned party to direct payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation if such a sanction is warranted for effective deterrence. *Id.*

■ Regarding the determination of appropriate sanctions, this Court has stated:

> In determining an appropriate sanction, the court looks to fashioning a narrowly tailored solution which will achieve the specific purposes of the rule, including (1) sanctioning the individual(s) responsible to punish current abuse, (2) sanctioning the individual(s) responsible to deter future abuse, (3) remedying the damage caused by the misconduct, (4) preserving as far as possible the rights of all parties, and (5) streamlining court dockets and facilitating case management.

*In re Brown,* 152 B.R. at 568–569 (citations omitted) (contains a thorough discussion of the factors to be reviewed in awarding sanctions under Rule 11).

■ The Court finds that the most appropriate sanction in this case is a monetary award of reasonable attorney fees to Conseco. Conseco is the target of the Debtors' proposed legal action, and has defended against Debtors' efforts to reopen its case since the first motion was filed. Conseco participated in the appeal of the Court's order denying Debtors' motion to reopen and motion for reconsideration. Conseco has objected and responded to the Debtors' most recent Motion to Reopen, Motion to Alter or Amend Judgment and Motion to Amend Motion to Alter or Amend Judgment, and in each case, Conseco requested an award of its attorneys fees. Conseco also orally moved for its attorney fees during the show cause hearing. The Court finds that Conseco should be at least partially reimbursed for the attorneys' fees incurred in participating in this matter which would not have been brought but for Debtors' counsel's unreasonable application of the law. Like Debtor's counsel in *In re Brown,* "[c]ounsel's violations of Rule 9011 did not involve complex, esoteric concepts, but rather violated concepts very basic to finality of litigation and justice." 152 B.R. at 569.

At the hearing on this matter, the Court requested that Conseco's counsel, Mr. Heister, submit an affidavit attesting to Conseco's fees and costs incurred in this matter. On behalf of Mr. Heister and Conseco, Martha Jett McAlister, Esq., submitted an affidavit attesting to the accuracy of an unsigned affidavit prepared by Mr. Heister detailing the attorneys' fees and costs incurred by Conseco in these matters. Ms. McAlister explains that she and Mr. Heister discussed the affidavit prepared by him and it was ready to be signed when he was involved in a serious bicycle accident. She also attested to the accuracy of the billing rates charged to Conseco on these matters. According to Mr. Heister's affidavit, Conseco's attorneys' fees and costs incurred from July 23, 2002, when the second motion to reopen was filed, through September 18, 2002, the date of the hearing on these matters, totals $9,070.65 (excluding the fees and costs associated with the preparation and filing of the affidavit itself). The Court has reviewed the exhibits attached to Mr. Heister's affidavit and finds the fees charged are reasonable. However, the Court must consider all the factors to be reviewed in awarding sanctions under Rule 11 without putting too great an emphasis on "remedying the damage caused by the misconduct." *See In re Brown,* 152 B.R. at 568–569. Accordingly, the Court finds that a monetary sanction against Debtors' counsel in the amount of $3,000.00 in favor of Conseco will serve to punish her offending conduct, deter future violations, and remedy the damage caused by her violation of Rule 11(b).

## CONCLUSION

Debtors' Motion to Amend Motion to Alter or Amend Judgment is denied be-

cause Debtors do not seek to make material changes to their motion, and it would not serve judicial economy to allow such an amendment after briefs and objections have been filed by other parties. Debtors' Motion to Alter or Amend Judgment is denied because Debtors failed to allege grounds sufficient to justify amending the Court's order of August 16, 2002 under Rule 59(e). Furthermore, the arguments made by Debtors' counsel to justify the filing of a second motion to reopen substantively identical to a previous motion filed by Debtors and denied by this Court are not arguments a reasonable attorney would make, and accordingly, constitute a violation of Rule 11(b). The Court finds a monetary sanction of $3,000.00 in favor of Conseco will punish Debtors' counsel's conduct, deter similar conduct in the future, and compensate Conseco for its troubles in these matters. Accordingly, it is hereby

**ORDERED** that the Motion to Amend Motion to Alter or Amend Judgment is **DENIED;**

**ORDERED** that the Motion to Alter or Amend Judgment is **DENIED;** and

**ORDERED** that sanctions are imposed upon Debtors' counsel, Kathy A. Cruz, in the amount of $3,000.00 in favor of Conseco. The sanctions shall be paid to Conseco through their attorney within sixty (60) days of entry of this Order. It is further

**ORDERED** that Kathy A. Cruz shall file a Certificate of Compliance with the Clerk of the Court, within sixty (60) days of entry of this Order, certifying that she has complied with this Order.

**IT IS SO ORDERED.**